SMYTH *VS*. STRADER, PERRINE & CO.

1. The assignee of a note drawn by a firm, payable to one of its members, and assigned by him, may maintain action against the firm.

2. Where pleas conclude to the country, a *similiter* is not necessary.

3. A clerical mistake is always amendable.

Error to the Circuit court of Mobile.

Assumpsit on note, tried before *Harris*, J.

This was an action of assumpsit, brought by the plaintiff in error against the defendants, as makers of a promissory note, negotiable and payable at the Bank of Mobile. The note sued on, purports to have been made by the defendants, as partners, to E. Stevenson, or order, and by him endorsed to the plaintiff.

The defendants pleaded—

1. The general issue;

2. A special plea, denying the execution of the note, which was verified by affidavit;

3. A special plea, setting forth that E. Stevenson, the payee and endorser of the said note, was, at the time of the execution of said note, a member of the firm of Strader, Perrine & Co., and also one of the makers of said note: to this plea, the plaintiff demurred—which demurrer was overruled by the court, and is now assigned for error.

*J. A. Campbell*, for plaintiff in error.

Smyth *vs.* Strader, Perrine & Co.

ORMOND, J.—The solution of the question presented on the record, will depend on the proper construction of the different acts of the Legislature on this subject.

By the act of eighteen hundred and twelve, which repealed a former act, (and which was, in substance, the statute of Anne,) Aik. Dig. 329, sec. 6, it is provided, that "all bonds, obligations, bills single, promissory notes, and all other writings for the payment of money or any other thing, may be assigned by endorsement, whether the same be made payable to the order or assigns of the obligee or payee, or not; and the assignee may sue in his own name, and maintain any action which the obligee or payee might have maintained thereon, previous to assignment; and in all actions to be commenced and sued, upon any such assigned bond, obligation, bill single, promissory note, or other writing as aforesaid, the defendant shall be allowed the benefit of all payments, discounts and sets-off, made, had or possessed against the same, previous to notice of the assignment, in the same manner as if the same had been sued and prosecuted by the obligee or payee therein; and the person or persons to whom such instrument so payable is assigned, may maintain an action against the person or persons to whom such instrument so payable is assigned, as in cases of inland bills of exchange."

The effect of the concluding words, "as in cases of inland bills of exchange," having been construed by the courts to introduce the law merchant, in regard to the endorsement of the note, the Legislature, in eighteen hundred and twenty-eight, passed another act, which will be found in Aik. Dig. 329, sec. 11.

" Whereas, much injury has been done to the citizens of this State, by means of the uncertainty of the decisions of the courts of this State, in relation to the proper time at which endorsers of bills, notes, bonds and other instruments, made negotiable by endorsement by law, shall make demand of payment of the payors of such negotiable instruments; for remedy whereof,

" Be it enacted, &c. That hereafter, the remedy on bills of exchange, foreign and inland, and on promissory notes, payable in bank, shall be governed by the rules of the law merchant, as to days of grace, protest and notice; and bills drawn and payable within this State, shall be deemed inland bills, and those drawn here, and payable out of the State, shall be deemed foreign bills.

"All other contracts for the payment of money or property, or for the performance of any duty of whatever nature, shall be assignable, as heretofore, and the assignee may maintain such suit thereon, as the obligee or payee could have done, whether it be debt, covenant or assumpsit : Provided suit be brought to the first court of the county where the maker resides, to which suit can be brought; and if he shall fail to sue the maker to the first court, as herein provided for, the endorser shall be discharged from liability, unless suit shall be delayed by his consent; and no days of grace shall be allowed on any contract, (except bills of exchange, and notes payable in bank,) either between the assignee and the maker, or between the assignee and the assignor."

The assertion of the plea is, that as Stevenson, the payee of the note, was also one of the firm of Strader, Perrine & Co., and therefore one of the makers of the

Smyth *vs.* Strader, Perrine & Co.

note, he could not maintain an action at law upon it, and that therefore, he cannot, by his assignment to the plaintiff in error, transfer a right to him which he has not himself.

It is certainly undeniable, that the payee could not, himself, maintain an action at law on the note, as he would be both plaintiff and defendant, and, as a consequence of this, it is insisted, that under the statute above referred to, the assignee can bring no action which the assignor could not have maintained.

. It is not necessary now to determine, whether an assignee of a promissory note, *not payable in bank*, could maintain an action at law in a case like the present, where the payee was also one of the makers of the note, as the note on which this action is founded, is negotiable and payable at the *Bank of Mobile*, and therefore, expressly exempted from the influence of the statute regulating the assignment of bonds, notes, and other instruments not payable in bank.

The question, then, in this case, is, whether by the *lex mercatoria*, the plaintiff can maintain this action, it being conceded that his assignor could not. It must be admitted, that this question is not free from difficulty ; but we think the proper construction of the statute is, that the action is well brought. It has already, indeed, been so decided in this court, in the case of Hazlehurst vs. Pope, (2 Stew. & Por. 259.) In that case, a bill of exchange was drawn by a firm on one of its members, and by him endorsed to a stranger. The court held, after an elaborate examination of the question, that the action was maintainable by the endorsee, though it was admitted that

9 P        57

the payee could not have sued at law in his own name. This was, it is true, the case of a bill of exchange, but the statute already referred to, puts promissory notes, *payable in bank*, upon a footing, in all respects, with a bill of exchange.

The case of Peter Smith and others. vs. Lusher and others, (5 Cowen's Rep. 688,) is expressly in point. That was, like this, a promissory note, made by a firm to one of its members, and by him endorsed to Lusher and others. The endorsees brought suit against the firm, and the court held the action maintainable, on the principles of the law merchant, although the court admitted, that the payee could not have sued in his own name. The decision of this case, was made under the influence of a statute of the State of New York, which makes "promissory notes negotiable, as inland bills of exchange, according to the custom of merchants."

In the case at bar, the note being payable at bank, is also by our statute, to be regulated by the law merchant. It is, however, insisted, that the statute only intended to afford the remedy between the endorser and the endorsee, and to permit the latter to recover of the former, according to the rules of the law merchant, and to dispense with a suit against the maker, when the note so endorsed was payable in bank. But from a careful examination of the statute, we are satisfied that it was the intention of the Legislature, that a note payable in bank, when endorsed, should be governed and controlled by the law merchant, not only as to days of grace, protest and notice, but also as to all other rights recognised by that law, as existing between the parties to the note. The

Smyth *vs.* Strader, Perrine & Co.

statute is silent, as to the right of the maker of a note, payable in bank, to set up an off-set to the note in the holder, yet it will scarcely be contended, that on a note so payable, an off-set could be made against an assignee, unless the note were taken under such circumstances as would authorise an off-set by the rules of the law merchant.

We apprehend, therefore, that the Legislature intended to make promissory notes payable in bank, *negotiable*, as *inland bills of exchange*, and to be governed and regulated by the same law.

The defendants in error contend, that the record shows that the judgment was for the plaintiff below. The entry is in these words: " This day came the parties, by their attorneys, and defendants demur to the third plea of the plaintiff—which demurrer is sustained. It is therefore considered by the court, that the plaintiff take nothing by his action, but that the plaintiff go hence and recover of the plaintiff his costs," &c. It is manifest, that this is a clerical misprision of the clerk, by transposing the names of the plaintiff and defendant. This is clear, not only from his describing it as the *plea* of the *plaintiff*, but also from the judgment of the court, which is rendered in favor of the defendants below, upon the decision of the court in their favor, on the demurrer.

No inference can be drawn from the two pleas of the defendants, to which no replication was filed by the plaintiff below. As both of the pleas concluded to the country, the *similiter* was not necessary, and no judgment could have been given for want of the general replication.

The judgment, therefore, which was rendered on the demurrer, was a judgment in favor of the defendants— and the record must be considered as so amended.

For the error of the court below, in overruling the demurrer of the plaintiff to the third plea of the defendants —the jndgment must be reversed, and the cause remanded for further proceedings.