O'HARA v. THE BANK AT HAWKINSVILLE.

1. A note payable in Bank, assigned before it is due, is not subject to an off-set against the original payee, nor can proof be received that it was paid before due.

Error to Benton Circuit Court.

THIS was an action nf assumpsit brought by the defendant in error, against the plaintiff in error, on the following note :

Macon, 1st May, 1838.

Nine months after date I promise to pay F. O'Callaghan or order, nine hundred and thirty-nine dollars eighteen cents, at either of the Banks in Mobile, for value received.

J. O'HARA.

The declaration is in the usual form, and judgment for plaintiff below.

During the trial in the Court below, a bill of exceptions was taken; which shows, that it was proved that the plaintiff purchased the note before it became due; but there was no proof that the defendant was notified of the transfer. The defendant then proved the execution of a receipt, signed F. O'Callaghan, bearing date a few days after the note fell due, by which O'Callaghan acknowledged, the receipt from O'Hara of nine hundred and fifty-one dollars and seventy cents, the amount of his note in the Bank of Mobile, which he promised to take out and forward to O'Hara.

The Court, on motion of the plaintiff, rejected the receipt; and the defendant excepted. To revise this decision of the Court, this writ of error is sued out.

CHILTON & MOORE, for the plaintiff in error.
PECK & CLARKE, contra.

ORMOND, J.—In the case of Smith v. Strader, Perine & Co., 9 Porter 446, we held that a note payable in Bank, was, by our statutes, placed on the same footing with inland bills of Exchange, and governed and regulated by the law mer-

chants. Tried by that rule, the proof was clearly inadmissible. No principle is better settled, than that no off-set or proof of payment can be received, as a defence to an action on a note, or bill assigned before it is due. For this reason therefore, if the proof offered was, in other respects, unexceptionable, the evidence was properly rejected, and the judgment of the Court below is therefore affirmed.