## TIPTON v. NANCE.

1. Where a bill of exchange is purchased by an unchartered company, with its own bills, in the usual course of its business, and suit is brought against an indorser, who is also a partner of the company, in the name of another partner, to whom the indorsement is filled up, it is a partnership transaction, and the suit in the name of the partner is merely colorable and cannot be maintained when it is shown that he has no interest in the bill, and that it belonged at the commencement of the suit, and yet belongs to the company.

WRIT of Error to the County Court of Dallas county.

This action was brought by Nance against the indorser of a bill of exchange.

A great number of questions are raised upon the record, both with respect to the pleadings and the merits of the case, but as only one is determined by the Court, the facts and pleadings in connection with that only are stated. The case was tried on the general issue, and there was a verdict and judgment for the plaintiff.

The defendant offered to prove that the bill was purchased

by the Real Estate Banking Company of South Alabama, (an unchartered association of individuals,) and of which both the plaintiff and defendant were partners, with bills of the company, and in its general course of business—that no settlement of the affairs of the company had been made or balance struck between the partners—that Nance, the plaintiff, held the bill sued on merely as agent of the association, though it was indorsed to him, but the property in the bill remained at the commencement of the suit in the company. This evidence was excluded from the consideration of the jury as presenting no defence.

The defendant excepted, and now insists that the evidence should have been admitted.

SAFFOLD and EVANS, for the plaintiff in error, insisted that the legal disability of one partner to sue another cannot be avoided by a colorable transfer, the fact of partnership continues, and it is that which creates the legal disability. [9 Porter, 450; 2 S. and P. 259; 1 Ala. Rep. 100; 5 Cowan, 711; 12 John. 401; 14 Pick. 172; 15 Wend. 156; Tindal v. Bright, Minor, 103; 1 Ala. Rep. N. S. 521; 4 Porter, 499; Ramsay v. Johnson, ib. 418; 2 S. and P. 259; 1 Stark. 78.]

LAPSLEY and HUNTER, for the defendant in error, argued that the evidence was properly excluded, as it went to impeach the plaintiff's title to the bill, derived through the indorsement, but this can be done only under a plea verified by affidavit. [Beal v. Snedicor, 8 Porter, 523; 9 Porter, 309.]

As to the merits of such a defence they seem to be settled in McNair v. Nance, 2 Ala. Rep. N. S. 349; see also Chitty on bills, 251; 1 Chitty, 27, 28; Collyer on Part. 149, 647, 648; 8 Cranch. 30; 3 N. S. Con. R. 14, 15, 16; 7 Mass. 304; 13 Eng. Com. Law Rep. 383, 384; 11 ib. 26; Story on Agency, 100, 150.

GOLDTHWAITE, J.—We have held this case sometime under consideration, in order that it might receive a more deliberate investigation than could be given to it in term time. This investigation has confirmed our first impressions that the evidence was improperly excluded from the jury.

The plaintiff in this case is shown to be a person clothed with a mere naked legal right, in consequence of the indorsement, but when the amount of the bill is recovered it goes into the general funds of the association, of which the defendant is a partner. If the money was converted by the plaintiff to his own use after receiving it, and he was not also a partner in the concern, an action could only be maintained against him by using the defendant's name in connection with the other partners. Under the circumstances disclosed by the evidence offered, the present plaintiff is merely nominal, and the true plaintiffs in interest are the association. If the suit was in the name of the partners to the association, and the identity of one of the partners suing with the defendant was disclosed in the declaration, it would be bad on demurrer—or if the fact did not appear it could be pleaded. [Mainwaring v. Newman, 2 B. and P. 120.]

The present case does not rest on the principle which governed McNair v. Nance, [2 Ala. Rep. 349,] for there the note was given to a trustee for the purpose of launching the partnership, and in equity the contract could only be considered as the agreement of one partner with the others to contribute a certain sum to the common stock. Until the money was actually paid, the partnership had nothing in it. It rather resembles the cases of Hazlehurst v. Pope, [2 S. and P. 259,] and Smyth v. Strader, [9 Porter, 446,] where the whole subject was examined, and in which it was held that a note or bill given by a firm to one partner, and by him indorsed to a third person in due course of business, could be recovered upon. In both those cases, if the transfer by the partner had been merely colorable, we apprehend the decisions would have been that there could be no recovery.

In New York it is settled by a great number of decisions, that the rights of an assignee will be protected although he may not be a party to the record. [See cases collected in 2 Cowan and Hill's Notes to Phil. Ev. 163, note 172.] We apprehend the converse of the rule, that the rights of a defendant will be protected against a colorable or fraudulent assignee is if possible, yet more clear. The general rule, when the bill or note is indorsed, after it is due, places the plaintiff in the situation of the one from whom he gets it, and is familiar to all.

[Brown v. Davis, 3 Term, 81; Boehn v. Sterling, 7 ib. 424.] So also is that which declares that the defendant is let into all his defences when the holder has received the negotiable paper as a mere collateral security, or with express notice. [Livingston v. Dean, 2 John. Ch. 479; Coddington v. Bay, 5 ib 54.] In the latter case Chancellor Kent thus states the reasons for the commercial rule, that no defence can be admitted except as against the holder of the bill or note. " It is the credit given to the paper, and the consideration *bona fide* paid on receiving it, that entitles the holder to such extraordinary protection, even in cases of the most palpable fraud; it is an exception to the general rule of law, and ought not to be carried further than the necessity which created it."

It is most obvious that the grossest frauds would be introduced if a legitimate defence could be avoided or smothered by the introduction upon the record of a mere colorable party, and whatever may be the intrinsic merits of this case, as between the other members of the association and the defendant, the plaintiff shows no claim to be considered in any other light.

The disability of one partner to sue another upon any contract connected with and arising out of the use of the partnership funds, is not a mere technical disability. It results from the very nature of a partnership, that each partner is liable for all the debts of the partnership, and he never can be certain this liability will not be enforced until the debts are all discharged. But even then, until the affairs of the partnership are finally closed, and the balance of each partner ascertained, he may honestly doubt whether he is a debtor or a creditor of the joint concern.

The present association may perhaps afford an illustration as strong as any other of the general justice of the rule. It is not impossible that the identical bills with which the purchase of this paper was made, are yet outstanding, and may be enforced against this defendant—or other liabilities may already have been enforced against him. It is such and similar considerations which are the foundation of the rule that one partner cannot sue another at law, and we perceive no circumstances in this case to authorize the introduction of an exception, the re-

cognition of which has not been shown, and which, in our opinion does not exist.

On this point in the case we are satisfied the judgment should be reversed, and as it will probably be decisive of the case, we forbear to express any opinion on the other questions raised, farther than to observe that all the pleas demurred to seem to be deficient in certainty, for which, if for no other reason, the judgment upon the demurrer was proper.

Reversed and remanded.