## ELLIOTT, use, &c. v. MONTGOMERY.

1. Where a note is made by an association of individuals as a banking company and it is made payable to one of themselves, or bearer, if it is put in circulation without any indorsement, a *bona fide* holder may institute suit in the name of the payee, for his use, against any other member of the association.

WRIT of Error to the Circuit Court of Fayette.

This action is upon two twenty dollar notes, against the defendant, as a partner of the Real Estate Bank of Caledonia, Mississippi. It was commenced before a Justice of the Peace, and was carried to the Circuit Court by appeal. At the trial it appeared that the notes were signed by certain persons as the President and Cashier of the Company and by them the prom-

ise was to pay the sum of money to John Elliott, or bearer, on demand, at their banking house. Elliott was a partner in the concern when the notes were issued, and was merely the nominal plaintiff, without ever having been the owner of the notes, or without having given any consideration for them.

The Court thereupon instructed the jury, that as Elliott and the defendant were both partners in the association, the action could not be sustained in the name of the former, even as nominal plaintiff for the use of the real owner.

The plaintiff excepted, and now assigns this charge as error.

HUNTINGTON, for the plaintiff in error, cited 1 H. B. 569.

COCHRAN, contra.

GOLDTHWAITE, J.—If the rules of the common law could be applied to the circumstances of this suit, it would not be questioned that any *bona fide* holder of the notes could maintain an action in his own name as the bearer; and such we presume is the law of the State, where these notes were made and first put in circulation. But it seems to be conceded on all sides, that so far as the remedy is concerned, it must be sought according to the law of the State where the suit is instituted, and here the holder is placed in a very peculiar position. If he attempts to sue in his own name, as the bearer of the notes, he is met by a statute prohibiting such a suit; and when he sues in the name of the payee, it is objected that he is a partner, and cannot sue a co-partner. We apprehend it is very clear that there must be some legal remedy to enforce the right which the holder is entitled to, and that it will not answer the requirements of justice to say that he can have no relief except in a Court of Equity.

Our statute directly prohibits the holder of such a note from suing in his own name, unless it is indorsed to him. [Meek's Dig. 108, §1.] Its principal object, however, was to change the then existing law, so as to prevent the institution of suits in the Courts of the United States upon notes payable to bearer, which in those Courts had been construed to be a *direct* promise to any *bona fide* holder, and therefore, that any such,

when a citizen of a different State from that of the defendant, could sue without any indorsement; when, if such an indorsement had been necessary to pass the legal interest in the note, the Court would not have had jurisdiction unless the payee as well as the plaintiff was the citizen of a different State from that of the defendant.

We apprehend that even with this statute in force, if an association of individuals shall make a note payable to one of the partners, for the purpose of enabling either themselves or him to put it in circulation without indorsement, there would, notwithstanding be an available remedy at law for any *bona fide* holder. Such an act designedly done, would be a gross fraud, and if ignorantly committed, would seem to be within the principle recognized in the Pl. & M. Bank for the use of Sayre, Converse & Co. v. Blair & Morroh, at this term.

The rule that one partner cannot sue another at law, is subject to many exceptions, and as soon as it was shown in this case, that the notes were put in circulation by the Company, and that the interest in them, instead of being in the nominal plaintiff, was in the person for whose use the suit was brought, as a *bona fide* holder, the defence asserted ceased to be available.

The only plausible objection which we can conceive to the action in this form is, that it may sometimes be necessary to enforce payment against the partner who is also the payee. It is not necessary that the Court should now express an opinion upon that case, but for myself I see no reason why, even there, the general rule should not yield to the necessity for giving a speedy and effectual remedy at law. The cases of Tutlock v. Harris, 3 Term, 174; Vere v. Lewis, id. 182; Minet v. Gibson, id. 431 ; S. C. on Error, 1 H. B. 569; Callis v. Emmett, id. 313, are conclusive to show that Courts will always mould their proceedings so as to afford a remedy, although at first view it may seem to be inconsistent with principles generally recognized. In all of these cases, bills of exchange, payable to fictitious payees were put in circulation, but the Courts very properly held, notwithstanding the general rule that the payee must indorse the paper, that the *bona fide* holder was entitled to declare upon them as payable to bearer.

These views lead us to the conclusion, that the action was properly instituted in the name of the payee, although a partner.

It follows that the charge given to the jury was erroneous, and the judgment is therefore reversed and the cause remanded.