## LACY v. LE BRUCE AND PRINCE.

1. Where the same person was a partner in two partnerships, and one of the partnerships executes its note to the other, or becomes otherwise indebted, the death of the common partner removes the impediment to a suit at law to recover the demand, and the survivor of the one concern may sue the survivors of the other, at law.

Writ of error to the Circuit Court of Sumter.

Assumpsit by Lacy as the surviving partner of one Bates, against Le Bruce and Prince, also the surviving partners of the same Bates, but in a different firm. The note declared on, is made by the firm of S. Bates & Co. and is payable to the steamer Favorite.

At the trial, it was in evidence that Lacy and Bates were the owners of the steamer Favorite, and were intended by that designation in the note; also, that Bates was dead. The defendants proved that Bates was a member of the firm by which the note was made.

On this state of proof, the court instructed the jury, that if Bates was a member of the firm designated by the steamer Favorite, the payees of the note, and was also a member of the firm making the note, then the plaintiff could not sustain this action.

The plaintiff excepted to this charge, and it is now assigned as error.

Bliss, for the plaintiff in error, insisted that the rule, which would have prevented a suit on this note, in the lifetime of Bates, is technical, and applicable solely to the remedy; and whenever

Lacy v. Le Bruce and Prince.

the legal obstacle is removed by his death, his survivor in the one firm could properly maintain the action against the survivors of the other firm. There is no such relation between the survivors as requires them to go into equity; nor could they do so. As illustrative of the rule, he cited Clay's Digest, 323, § 63; 1 Chitty's Plead. 12; 3 Term, 433; 5 ib. 493; 6 ib. 582; Smith v. Strader, 9 Porter, 446; Hazelhurst v. Pope, 2 S. & P. 259; Smith v. Lasher, 5 Cowen, 688; Pitcher v. Burrows, 17 Pick. 361.

LYON, *contra*, cited and relied on Tindal v. Bright, Minor, 103; Mainwaring v. Newman, 2 B. & P. 120; Moffat v. Milligan, 2 ib. 124.

GOLDTHWAITE, J.—The question in this case is, whether the surviving partner of one partnership can sue the surviving partners of another, for a debt, when the deceased partner in each of the partnerships is one and the same person. In this statement of the question, it will be perceived that the evidence of the debt, in the form of a written admission, or as a promissory note, is laid out of view; and we present it thus, because, in our opinion, the nature of the evidence by which the debt is made manifest, does not affect the principle which must govern it. It will become obvious to one who will consider such a case, that if the common partner was alive, and the unsettled demand between the two partnerships could not be amicably adjusted, there would be great difficulty in ascertaining how soon a suit in equity could be brought. A suit at law would be out of the question, inasmuch as the common partner could not sue himself; nor could an *action* be maintained by his partner because of his not having the entire legal interest in the debt. But although it is difficult to conceive how redress would be come at, as between the two concerns, it is not so to determine that a duty is owed by the *debtor* partnership. If, then, this duty continues to be due from the survivors of the one partnership to the survivor of the other, after the death of the common partner, what reasons are there that it should not be enforced at law? or that the parties should be forced into equity? Perhaps these questions will be best answered by a consideration of the interests which survive to the other partners where one of a partnership dies. All the debts of the partnership at once become the debt of the survivors,

114

and the personal representative of the deceased partner is not bound ; though, in equity, he is yet liable. On the other hand, all the choses in action of the partnership pass at once to the survivor, and the personal representative has no legal interest in them. It has been held in many cases, that where a partnership has made a note or bill to one of the partnership, it may be assigned so as to give the holder a right of action against the partnership. [Smith v. Lasher, 5 Cowen, 688; Pitcher v. Burrows, 17 Pick. 361; Hazelhurst v. Pope, 2 S. & P. 259; Smith v. Strader, 9 Porter, 446.] All these cases recognize the same general principle, which is, that a debt or obligation may be *created* to one partner by the firm; and that this may be assigned by him whenever that intention is declared by a note or bill. A promise by a partnership to pay a sum of money to one of the partners, when there is no agreement that he may assign it, may always be considered as clogged with the equity of being chargeable with any balance he may owe the firm upon a settlement of all its business; but we think there is no such equity existing when there is a common partner in two partnerships, and the one promises to pay or is indebted to the other in a sum of money. In such a case, there is a moral obligation that the debt shall be paid, and nothing stands in the way of a legal suit but the circumstance that the common partner would be both plaintiff and defendant. Whenever this impediment is removed by his death, the demand is assigned by operation of law, and a legal right of action is invested in his survivor. The personal representative of the deceased partner has no interest whatever in the suit between the two partnerships, or rather between the survivors of them. Indeed, it is difficult to imagine why a suit in equity should be necessary to enforce such a right; for it is certain that the interest of the personal representative is perfectly equipoised between the two concerns. To him, it is a matter of entire indifference which succeeds, as the diminution of the assets of the one will increase those of the other to precisely the same extent. The case is doubtless one of first impression; but that is no reason by itself for forcing a suitor into a court of equity to obtain a remedy for a clear legal right. We have, on one occasion, endeavored to show that courts of law will mould their proceedings to afford a remedy at law, although at first view the remedy may seem inconsistent with principles generally recognized. [Elliot

v. Montgomery, 4 Ala. Rep. 600.] In the present case, it seems to us that if the parties were sent to a court of equity it would be to litigate a right which all the elementary writers admit to be entirely of a legal nature. Neither party there would have any rights different in any manner from what they now are; nor have these rights any connexion with those of third persons, which prevent a full adjudication in a court of law.

For these reasons. we are of opinion that the suit is properly brought; and, therefore, the judgment of the circuit court is reversed, and remanded.