## ALSOBROOK v. DESHLER.

1. A plea asserting that the note sued on was indorsed to the plaintiff by the payee, for the sole purpose of discharging a particular note made by him to a third party, and that the payee, after the maturity, directed the maker to pay the money to the third party, which accordingly was done, is bad without averring the payment was made to the third party, in discharge of the particular note which it was the object of the indorsement to discharge.

Writ of Error to the Circuit Court of Franklin.

Assumpsit by Deshler, as the assignee of B. Merrill & Co. upon a promissory note against Alsobrooks as one of its makers. The declaration is in the usual form.

The defendant pleaded *actio non*, because he says the said note was transferred to the plaintiff by the payees for the purpose only, of discharging a debt due to the Planters' Bank of Nashville—due to the said bank by the said payees, which note was secured by notes held by the said bank indorsed by David S. Goodloe, M. Tarver, and John Cockerell, and he avers, that after the maturity of the note sued on, he paid $100 as is conditioned therein, and the residue of the said note he was instructed and directed by the payees to pay to the Planters' Bank of Nashville, and pursuant to said direction, he avers that he did pay the balance due thereon to the said bank, and this he is ready to verify, &c.

The plaintiff demurred to this plea, and the court sustained the demurrer.

The judgment on the demurrer is the only error assigned.

J. A. Nooe, for the plaintiff in error, insisted, this plea was no contradiction of the legal effect of the indorsement; Deshler was a trustee for Merrill & Co. to apply the money to the payment of certain debts, and the money was applied to those debts by their instructions. To prove that it was so is mat-

Alsobrook v. Deshler.

ter of discharge, which does not vary the original contract. An agreement separate from the contract, may be shown by parol. [6 Ala. R. 141; 1 Porter, 359; 1 Stew. 539; 5 S. & P. 67, 91, 410; 5 Port. 498; 1 Wash. 19; 1 Johns. Ch. 594; 2 Dallas, 170; 1 Day, 109.]

Wm. Cooper and E. D. Townes, contra, argued—

1. The plea contradicts the contract of indorsement, and is therefore bad, as it shows no written agreement. [Dupuy v. Gray, Minor, 357; Somerville v. Stephenson, 3 Stewart, 271; Litchfield v. Falconer, 2 Ala. R. 284; Holt v. Moore, 5 Ib. 521; Barringer v. Sneed, 3 Stew. 201.]

2. The plea, however, is vague and uncertain, in not alledging the payment by the defendant was made on the particular notes to which the agreement applied, or that the sum paid was credited thereon.

3. Although the plea may have been incorrectly overruled, yet as the same facts might have been shown under the other pleas pleaded, the party has not been injured. [McKenzie v. Jackson, 4 Ala. R. 230.

GOLDTHWAITE, J.—We incline to the opinion, that if the matter of this plea was well pleaded, there is no sufficient reason why the defendant should not be permitted to show a payment in this way upon the principle settled in Tipton v. Nance, 4 Ala. Rep. 194. But however this may be, we think, if the trust, or agreement controlling the indorsement, is as supposed by the pleader, he does not show a payment which is covered by it. The assertion is, the note was indorsed to Deshler, for the sole purpose of discharging a debt due from the indorsers to the Planters' Bank of Nashville by their note secured in a particular manner. The discharge is deduced by the pleader from the circumstance that the indorsers afterwards directed the maker to pay the sum due on the note sued on, to the Planters' Bank at Nashville, and that it was so paid. It does not appear the payment was made on account of, or credited on, the particular note of the indorsers which it was the object of the indorsement to produce the funds to discharge, and consequently it is not shown the payment produced the effect of discharging the note which was

the object of the indorsement. It said the certainty required in special pleas, depends on the subject matter, and when the agreement is to perform some matter of law, as to discharge an obligation, the performance must be pleaded specially, because, being a matter of law, it ought to be exhibited to the court, to see if it be well performed. [Chitty's Pl. 518.] It seems to us, if all the facts asserted in this plea were proved to the jury, it would not follow that the particular note due from Merrill & Co. to the Planters' Bank at Nashville was thereby discharged, and for this reason the plea is bad.

As there was no error in so pronouncing, the judgment must be affirmed.