## MURDOCK vs. CARUTHERS.

1. A promise in writing by one firm to pay a specified sum on a day certain to the order of another firm which has a common partner, is not a promissory note until assignment; but when assigned by the latter firm, the assignee must be regarded, as between himself and the makers, as the real payee, and may maintain an action in his own name against the makers.
   (Goldthwaite, J., expressing no opinion.)
2. The statute of 1828 (Clay's Digest, 383, § 12,) was not intended to confine and limit the right of the assignee to sue, to those cases only in which the payee could have maintained his action, but to confer upon the assignee the additional right of suing the maker in any form of action which the payee could legally resort to, "whether debt, covenant or *assumpsit*." (*Per tot. cur.*)

ERROR to the Circuit Court of Franklin.

Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by the defendant in error against the plaintiff, on two written instruments, in the form of promissory notes, executed by the firm of J. Murdock & Co., payable to the firm of Armour & Lake, and by the latter firm assigned by endorsement to Caruthers. Murdock, the plaintiff in error, was a partner in each one of said firms.

WILLIAM COOPER, for plaintiff in error:

The notes sued on are not negotiable by *lex mercatoria* or common law, nor do they come under the provisions of the statutes of this State. Clay's Digest, 383, §§ 11, 12. No action could be maintained by the payees at common law, because they were members of the firm of J. Murdock & Co., the makers; and the assignees of notes not negotiable, can maintain no action that the payee could not maintain. An action at law cannot be maintained on a bill single, payable to a firm of which one of the obligors is a partner. Minor's R. 103. One partner cannot sue his co-partner at law, even after a dissolution, unless there has been a settlement of the partnership, and a balance struck. Philips v. Lockhart, 1 Ala. 521; Banks v. Mitchell, 8 Yerger, 111; Tipton v. Nance, 4 Ala. 194. In the last cited case, it is said, that this disability to sue is not a mere technical disability, but results

from the very nature of the partnership. The partner, then, not having this right of action, could not give it to his assignee.

The cases in which the Supreme Court of this State has determined that the assignee of a note payable to a firm of which the maker is a partner may maintain an action, are such notes as are negotiable, and governed by the law merchant, and embraced by the statute. (Digest, 383, § 11.) Such notes are expressly exempt from the influence of the statute regulating the assignment of bonds, notes and other instruments payable in bank. Smyth v. Strader, Perrine & Co., 9 Porter, 448.

The case of Lacy v. LeBruce & Prince, 6 Ala. 904, is not applicable to this case. There the common partner died; and the court held, that his death removed the impediment to a suit at law, and that the survivors of one firm might sue the survivors of the other. That case was decided on common law principles, according to which, on the death of one partner, the legal title to all choses in action belonging to the firm passes to the survivor; and having the legal title, he would have the right to sue at law, without the aid of the statute authorizing the transfer of notes, &c. Murray v. Mumford, 6 Cowen, 441; Egbert v. Woods, 3 Paige, 526; 18 Ala. 68.

Not so, in the case at bar. The assignee has no other right, than that derived from the statute of 1828, which gives him the right to "maintain such action as the obligee or payee could have done, whether it be debt, covenant or *assumpsit*." If the payee could not maintain the action at law, neither can the assignee under the statute, the notes not being negotiable, either by the *lex mercatoria* or the statute. At common law, a promissory note was not transferrable. Byles on Bills, 4; Chitty on Bills, 517; 2 Black. Com. 468; 4 Term R. 148.

Suppose J. Murdock & Co. have offsets against Armour & Lake. Will the court of law undertake to adjust these offsets? If it does, it necessarily undertakes the settlement of the accounts of both firms. But if the right of action attaches on the endorsement, then too will the statute carry the right of offset. This objection is unanswerable, and such seems to have been the opinion of the court in Tipton v. Nance, 4 Ala. 197.

JOHN A. NOOE, *contra:*

It is admitted, that Armour & Lake could not have enforced the collection of this note, by an action at law against J. Murdock & Co.; but it does not follow, as a necessary consequence of their inability to sue, that their assignee could not. By the assignment, the legal right in the note became vested in Caruthers; and having the legal title, there was no impediment to his enforcing his rights in a court of law. This position is sustained by the following cases: Lacy v. LeBruce & Prince, 6 Ala. 904; Smith v. Lusher, 5 Cowen, 688; Pitcher v. Burrows, 17 Pick. 361; Smyth v. Strader, 9 Porter, 446.

The statute of 1828 was clearly intended to afford to the assignee a legal remedy, to enforce in his own name a legal right; and that his remedy should not be affected by any technical impediment in the remedy of his assignor. The meaning of the statute is, that by a written assignment of a note the legal title is vested in the assignee, and he may maintain in his own name any action that he could have maintained if he had been the payee. He may then maintain a suit upon a note, when there is a technical impediment which prevents the payee from doing so. Independently of this statute, the assignee in this case had a right of action in his own name, and the statute certainly was not intended to abridge his rights. Our Supreme Court has decided, that the statute of Anne is merely declaratory of the common law, or *lex mercatoria;* and by that law, after assignment, promissory notes may be declared on as bills of exchange. Chitty on Bills, 155; 2 Stew. & P. 428; 4 Porter, 441; 1 Ala. 295. Now, the statute of Anne places promissory notes on the same footing with bills of exchange, as to negotiability according to the custom of merchants. Then, before the passage of that statute, an assignee of a note could sue in his own name by *lex mercatoria*, and the statute was only declaratory of that law.

GOLDTHWAITE, J.—The following are the facts of the case, as they are shown by the record: William Armour and Henry Lake were a mercantile firm, under the name of Armour & Lake. The same persons, with James Murdock,

composed another firm, doing business by the style of J. Murdock & Co. The firm of J. Murdock & Co. made a promise in writing, to pay to the order of the other firm, Armour & Lake, on a day certain, a specified sum, for value received. This writing was assigned by Armour & Lake to the defendant in error, who brought suit upon the same against said Murdock, the plaintiff in error, averring these facts in his declaration. The legal question in this court is, as to his right to recover upon this state of facts.

The plaintiff in error urges against the right to maintain the action, that the instrument sued upon, being a promissory note, was not assignable at the common law; that it was made assignable only by the statute of this State, (Clay's Digest, 381 § 6, 383 § 12;) and that this statute, while it confers upon the assignee the right to sue in his own name, confines the exercise of this right to those cases only in which the payees might have maintained an action; and that, as in the present case no action at law could have been maintained by Armour & Lake, so the defendant in error, who claims as their assignee, and derives his only right to sue under the statutes referred to, cannot sustain his action.

Waiving the discussion of the question as to the assignability of promissory notes at the common law, and conceding for the present that the terms of the statute are such as require us to recognize the construction contended for; still, we do not think it necessarily follows that the law upon the facts as presented is with the plaintiff in error. Unquestionably, under that construction, if it is admitted that the instrument sued on was a promissory note before its endorsement by Armour & Lake, the consequences insisted on by the counsel for the plaintiff in error must ensue. Armour & Lake would then be the payees; and as they could not maintain an action upon it, their assignees could not. But was this instrument, legally speaking, a promissory note, before its endorsement by the parties to whom it was payable? A promise in writing made by A, to pay a specified sum of money to his own order, is not a note, until endorsed by him; for the reason, that, until then, no legal obligation is created. So also, in relation to a note payable in bank, drawn by a firm payable to one of its members, and by him assigned, it

Murdock v. Caruthers.

has been held by this court, that the assignee could maintain an action against the makers in his own name. Smyth v. Strader, 9 Porter, 446; and see also Smith v. Lusher, 5 Cowen's R. 688, and Pitcher v. Burrow, 17 Pick. 361. It is true, that the cases cited rest the decisions mainly upon the law merchant; but the principle on which they are based must be, that, as legal obligations, they were incomplete, until endorsed; until then, they would simply be evidence of a debt from the makers to the parties to whom they were payable; but when endorsed, they became promissory notes, the endorsee being, as between himself and the maker, the actual payee.

This being the principle applicable to mercantile paper, the reason of the rule must equally apply to all promissory notes. The case of Lacy v. LeBruce, 6 Ala. 904, is directly in point, upon the principle involved. That was a note not mercantile in its character, made by one firm payable to another, each firm containing a common partner. This partner died; the surviving payees brought their action; and it was held, that they could recover. The decision was based upon the ground, that the death of the common partner operated as an assignment to the surviving payees; thus recognizing the principle, that, if the payees had assigned the note, the assignee could have maintained the action. The authorities referred to, and the reason on which they are based, lead us to the conclusion, that the writing sued on, until assigned by Armour & Lake, had no validity as a note, and that after the assignment the assignee, as between himself and the maker, must be regarded as the real payee, and sustaining in the present case this relation, he is not affected by the statute.

These views are entertained by the other members of the court, and in relation to their correctness I express no opinion, preferring myself to rest the decision upon the construction of the acts of 1812 and 1828, (Clay's Digest, 381 § 6, 383 § 12,) authorizing the assignment of promissory notes; in which we all concur. The first of these acts declared promissory notes, &c., assignable; and the act of 1828, after providing that bills of exchange and notes payable in bank should be governed by the law merchant, &c., proceeds thus: "All other contracts for the payment of money," &c., "shall be

assignable as heretofore, and the assignee *may maintain such suit thereon as the obligee or payee could have done, whether it be debt, covenant or assumpsit.*" These acts were not restraining acts; they were not intended to diminish the rights of the holder against the maker, but rather to enlarge them. The object was, to make every description of promissory notes assignable, protecting the rights of the maker by allowing him to assert any legal defence which he had before receiving notice of the transfer; and the words which we have italicized were not intended to confine and limit the right of the assignee to sue, to those cases only in which the payee could have maintained his action, but to confer upon the assignee the additional right of suing the maker in any form of action which the payee could legally resort to; "whether debt, covenant or *assumpsit.*" Thus the payee could bring debt against the maker; but it was for some time a question, whether the endorsee or assignee could bring that action against the maker of a note, there being no privity of contract between them, (Chitty on Bills, 690;) and the statute, in securing to the assignee the same form of remedy that the payee had, was intended to remove this doubt.

In regard to the difficulty suggested by the counsel for the plaintiff in error, upon this construction of the statute, in relation to sets-off existing between the maker and payee, we do not well understand how any question of that kind can arise, upon assignments like the one under consideration. Its validity is not denied; that can only be done by a sworn plea, (Clay's Digest, 341, § 158;) and in all cases in which the transfer was made by payees who were also members of the firm that made the note, we think the assignment being made by one partner would not operate as a waiver of any set-off on the part of the firm to which he belonged. But even if this is not the law, the right of set-off by the makers would not be affected, although they might be required to assert it before another tribunal. The statute could not have contemplated equitable sets-off; and as between two firms having common partners there could be no other. We may add, the same difficulty in relation to sets-off is presented in the case of Lacy v. LeBruce, *supra*, and is necessarily covered by that decision.

The judgment is affirmed.