# IN GENERAL TERM, 1872.

MERCHANTS NATIONAL BANK *v.* JOSEPH B. RANDALL ET AL, Appellants.

Appeal from BLAIR, Judge.

PROMISSORY NOTE—*relation of maker, and endorsers thereto.*
ENDORSERS—*liability of*—
MAKERS—*liability of.*

The members of a firm can not maintain a suit at law on a note against a third member, as joint obligors, because the same persons can not occupy the positions of obligor, and obligee, but they can endorse it to a third party, who can maintain such action against all the makers.

In equity, suit can be maintained by the obligees against the other obligees, in which all the equities arising on the contract can be fully adjusted between the parties.

A person may be a *joint maker,* and also *payee,* or *endorser,* and his rights, and liabilities in one capacity be different from that of the other, or in other words, responsible to the holder in each capacity, so far, that a judgment for, or against him *as endorser,* would not extinguish the liability of the other parties as *joint makers.* Hence a judgment against two members of a firm *as endorsers,* does not merge the note so that suit can not be maintained against a third member as *maker.*

*Johnson & Stubbs,* for appellants.

*Dye & Harris,* for appellee.

RAND, J.—This is a suit brought upon a promissory note executed by J. B. Randall & Co., and payable to the order of the firm of Lawyer & Hall, at the First National Bank of Shelbyville, and by Lawyer & Hall endorsed to said bank, and by it to plaintiff. The complaint contains two paragraphs.

The *first* alleges that Randall, and Clark were partners, trading under the name, and style of J. B. Randall & Co., and that Lawyer and Hall were partners, doing business under the name of Lawyer & Hall, and that J. B. Randall & Co. made the note payable to order of Lawyer & Hall, at First National Bank of Shelbyville, and endorsed by Lawyer & Hall, and that plaintiff is the holder, and owner of said note, and that it is unpaid.

The *second* paragraph alleges that the defendants, Joseph B. Randall, Levi Clark, Peter C. Lawyer, and Edward K. Hall, were partners, doing business under the name, and style of J. B. Randall & Co., and that Lawyer, and Hall were partners, doing business under the name, and style of Lawyer & Hall, and that J. B. Randall & Co. executed the note sued on to order of Lawyer & Hall, payable at the First National Bank of Shelbyville, and said note was endorsed by Lawyer & Hall to said bank, and that said bank endorsed the same without recourse to plaintiff, and that said note remains unpaid.

The note sued on is copied into each paragraph of complaint.

Randall demurred to each paragraph of complaint, which demurers were overruled, and excepted to, and thereupon he filed an answer in seven paragraphs. Plaintiff demurred to *third* and *fourth* paragraphs, and filed motion to strike out parts of *second*, and *fifth*, and all of *seventh* paragraphs. Demurrers were sustained to *third*, and *fourth* paragraphs, and excepted to, and the motion to strike out parts of *second*, and *fifth*, and all of *seventh* paragraphs overruled,

and excepted to. The Court, on motion, struck out *second* paragraph of complaint, which was excepted to, but the paragraph has not been made part of the record.

Issues were formed, and there was a trial, and verdict for plaintiff for amount of note. Also answers to interrogatories by the jury were returned.

Randall filed motion for judgment in his favor on the jury's answers to interrogatories, which was overruled, and excepted to. He then filed motion for new trial, which was also overruled, and excepted to. Judgment was rendered in favor of plaintiff on the verdict, and Randall appealed to General Term. The evidence is in the record. No defect has been pointed out in either paragraph of the complaint, and we find none.

It is urged that the Court erred in striking out the *second* paragraph of defendant's answer. We are of opinion that the *second* paragraph is not properly before us, but we have carefully examined it, and have arrived at the conclusion that any matter properly pleaded in it, could have been given in evidence, either under the *fifth*, or *seventh* paragraphs of the defendant's answer.

The *third*, *fourth*, and *fifth* paragraphs of the answer sets up a former recovery by the First National Bank whilst it was a holder, and owner, against Lawyer & Hall, on the note, that they were members of the firm of J. B. Randall & Co., and joint makers with Randall; that said bank knew that fact before it brought suit; that Randall was at all times within reach of the process of the Court, and was not sued, and hence the note sued on was merged by the judgment against Lawyer & Hall.

If the *third*, and *fourth* paragraphs of the answer are sufficient to bar a recovery by plaintiff, still there was no error in sustaining the demurrers to the same, because all matters pleaded in either of them could be proved under the *fifth* paragraph,—in fact the record shows that the very matter

there pleaded was turned on an issue raised on the *fifth* paragraph of the answer.

On plaintiff's motion, the Court propounded the following interrogatories to the jury, which were answered as follows, to-wit:

*First.* Was the note sued on purchased by plaintiff of the First National Bank of Shelbyville? Answer—Yes.

*Second.* Had said note ever been paid at the time of its assignment to plaintiff? Ans.—No.

*Third.* Has said note ever been paid since said assignment; if so, when, and to whom, and by whom? Ans.—No.

*Fourth.* Was not the suit of the First National Bank of Shelbyville brought against Lawyer & Hall, upon their endorsement of said note, by their firm name of Lawyer & Hall, and not as joint makers of said note, or members of the firm of J. B. Randall & Co.? Ans.—Yes; as endorsers.

On defendants' motion, the Court propounded the following interrogatories to the jury, which were answered as follows, to-wit:

*First.* At the time the note in question was made, and endorsed to the First National Bank of Shelbyville, were the defendants, Randall, Lawyer, and Hall partners, doing business in the name of J. B. Randall & Co.? Ans.—Yes.

*Second.* Was the First National Bank of Shelbyville notified that Randall, Lawyer, and Hall were partners, and trading under the firm name of J. B. Randall & Co., at the time said note was made, and endorsed to the said First National Bank? Ans.—Yes.

*Third.* After the note in question fell due, did the First National Bank of Shelbyville bring suit thereon, and recover judgment on the same against Lawyer & Hall alone, and does said judgment still remain of record in full force? Ans.—Yes.

*Fourth.* Did the plaintiff purchase said note after the same had been sued on, and after judgment had been

obtained on the same against ·Lawyer & Hall, and did the plaintiff take such assignment of said note, and judgment, with full knowledge that such judgment had been already rendered on the said note? Ans.—Yes.

The Court submitted the following interrogatory to the jury:

*Fifth.* Was the judgment referred to in the *thi d* and *fourth* interrogatories against Lawyer & Hall as makers, or against them as endorsers? Ans.—Endorsers.

It is unjustly insisted by counsel for Randall that his motion for judgment in his favor on the answers to the foregoing interrogatories should have been sustained.

This motion is based upon the fact that the jury in their answer to interrogatories found that there had been a former recovery on the note against Lawyer & Hall *as endorsers.* It is urged that the jury had no right to determine whether the suit was against them *as endorsers*, but the Court should determine that question from *the record.* That record is made part of this by the bill of exceptions, and if it was improper to submit the question to the jury, still, as we have the record before us, we are of opinion that that suit was against Lawyer & Hall *as endorsers*—indeed, the complaint expressly declares against them *as endorsers.*

It has been held in this State, in the case of *Archer* v. *Heiman et al,* 21 Ind., 29, also in *Root* v. *Thomas,* and two other cases at the present term of the Supreme Court, that a judgment against a part of the obligors to a *joint contract, merged it as to the obligors not sued.* The same rule prevailed at common law.

But this is a technical rule, and in our opinion should not be extended, or enlarged.

Does this rule apply to the case at bar?

It appears from the record that the firm of J. B. Randall & Co., was composed of Randall, Lawyer, and Hall; that J. B. Randall & Co, made the note in suit to the order of the

firm of Lawyer & Hall, and that said firm endorsed it to the First National Bank of Shelbyville, which bank was at the time aware of the relations the makers, and endorsers have to each other. Said bank afterward sued Lawyer & Hall *as endorsers*, and received a judgment against them as such endorsers. Afterward, for a valuable consideration, said bank assigned said note to plaintiff, who instituted this suit against Randall, Lawyer, and Hall as makers.

The weight of authority seems to be that Lawyer & Hall could not maintain a suit at law on the note against Randall as maker, because the same persons can not occupy the positions of both obligor, and obligee; but they could endorse it to a third party, who can maintain such action against all the makers. See 11 Metcalf, Mass., 398; 17 Pickering, 361; 18 Ohio, 305; 5 Cowen, 688.

The rule seems to be different in equity. A suit in equity can be maintained by the obligees against the other obligees, in which all the equities arising on the contract can be fully adjusted between the parties. See 1 Story Equity, Section 680.

We see no reason why a person may not be a joint maker, and also payee, or endorser, and his rights and liabilities in one capacity be different from that of the other; or in other words be responsible to the holder in each capacity, at least so far that a judgment *for*, or *against* him as endorser would not extinguish the liability of other parties as joint makers.

We have come to the conclusion that the rule of merger, above referred to, does not apply to this case; that the judgment in favor of the bank against Lawyer & Hall *as endorsers* does not merge the note so that suit can not be maintained against Randall *as maker*.

If what we have said is correct, it follows that the Court did not err in giving instructions to the jury, or refusing the one asked by defendants.

No other objections have been pointed out to us by counsel, and we see no error in the record.

The judgment at Special Term is affirmed.

NOTE.—A judgment is not *per se* a satisfaction of the debt, nor will it, until satisfaction, prevent the holder from proceeding on the bill, or note against any other distinct party to it. *Smith on Mercantile Law,* 347, *and note.*

The indorsement of a bill is not merely a transfer of the paper, but a fresh, and substantive contract. It is equivalent to a new bill drawn by the indorser upon the acceptor in favor of the indorsee. As it falls under the general rule, that the obligations of a personal contract are to be determined by the law of the place of its execution, an indorser may become responsible for a much higher rate of damages, and of interest, upon the dishonor of a note, than he can recover from the drawer. 6 *Cranch,* 221 ; 4 *Mass.,* 258 ; 3 *do.,* 77 ; *Story on Conflict of Laws,* 6th *Ed., Sec.* 314 to 321, *and Sec.* 343, 344, 347.

It is, as to all persons who become holders in whatever country, treated as a contract made by the acceptor, in the country where such acceptance is made. *Same.*

The contract of indorsement is not an independent one, but a parasite, which, like the chameleon, takes the hue of the thing with which it is connected. Attached to commercial paper, it becomes a commercial contract, operating as a contingent guaranty of payment, and a transfer of the title, where the paper is negotiable; attached to any other *chose in action,* it becomes an equitable assignment of the beneficial interest without recourse to the assignor." *Ch. J. Gibson, in Patterson* v. *Poindexter, 6 Wall. & Serg ,* 234. *See also* 12 *Wend.,* 439 ; 22 *do.,* 215 ; 4 *Den., N. C.,* 122.

"There is a substantial distinction between cases of extinguishment by merger of the security, and cases of extinguishment by satisfaction of the debt. These classes, although depending upon different principles, have usually been confounded. *   * In the first of them, the original security is extinguished, but the debt remains; in the second, the debt, as well as the security, is extinguished by the acceptance of another debt in payment of it.

Extinguishment by merger takes place between debts of different degrees, the lower being lost in the higher, and being by act of law, it is dependent on no particular intention. Extinguishment by satisfaction takes place indifferently between securities of the same degree, or of different degrees, and being by act of the parties, it is the creature of their will.

No expression of intention would control the law, which prohibits distinct securities of different degrees for the same debt, for no agreement would

prevent an obligation from merging in a judgment on it, or passing *in rem judicatum.*"

"Neither would an agreement, however explicit, prevent a promissory note from merging in a bond, given for the same debt by the same debtor, for to allow a debt to be at the same time of different degrees, and recoverable by a multiplicity of inconsistent remedies, would increase litigation unsettle distinctions, and lead to embarrassment in the limitation of actions, and the distribution of assets. But as to the existence of a promissory note as a concurrent security for a book debt produces no such consequences, it operates no extinguishment by act of law; and it depends on the consent of parties, tacit, or explicit, whether the new evidence of the debt is accepted in discharge of the old one.

"The difference on the whole consists in this, that in case of merger, there is a change only of the security; but in a case of satisfaction by substitution, there is a change of the debt. *Ch. J. Gibson, in Jones* v. *Johnson,* 3 *Wall. & Serg.,* 276. *See also* 1 *G. & H., p.* 447, *and notes.*

A, B, and C were partners under the firm name A & Co. B, and C were also partners under the style of B & C. The firm of A & Co. made a note payble to the order of B & C. This was not a promissory note until assignment, but when assigned by B & C., the assignee, as between himself, and the makers, must be regarded as the *real payee,* and may sue all the makers. *Murdock* v. *Caruthers,* 21 *Ala.,* 785; *Smythe* v. *Strader, Perrine & Co.,* 9 *Ala,* (*Porter*), 446. In this case they are all said to be makers. *Pitcher* v. *Barrows,* 17 *Pick.,* 361; *Lacy* v. *L'Bruce,* 6 *Ala.,* 904; *Hazelhurst* v. *Pope,* 2 *Stewart & Porter,* 259; *Heywood* v. *Wingate,* 14 *N. H.,* 73. *See also Chitty on Bills,* 516, 553; 2 *B. Comm.,* 467; *Story on Prom. Notes,* 4; *Smith et al* v. *Lurkee et al,* 5 *Cowen,* 688, 708.

The Court below—supported by the following authorities, *Dillon* v. *State Bank,* 6 *Blackf.,* 5; *Goodlot* v. *Britton,* 6 *do.,* 500; *Lodge* v. *State Bank,* 6 *do.,* 557; *Marshall* v. *Pyeatt,* 13 *Ind.,* 255—gave the following instruction in this case, upon which hinged the right of recovery against the maker of the note, and which was sustained in General Term:

"If you find from the evidence that, after the First National Bank of "Shelbyville had obtained a judgment upon the note in suit against Lawyer "& Hall as indorsers of the note, and for a valuable consideration assigned "said judgment, and note to the plaintiff, the plaintiff, in other words, pur- "chasing the said assignment, this assignment would carry with it all "remedies, or right of action which the First National Bank of Shelbyville "had against any other parties to the note, and in such case, if you find "that the note was made by the firm of J. B. Randall & Co., payable to "Lawyer & Hall, who were members of the firm of J. B. Randall & Co., "and hence with the defendant Randall, were joint makers of the note, if "they also under the firm name, and style of Lawyer & Hall *indorsed* the "note to the First National Bank of Shelbyville, they by such indorse-

"ment assumed another, and separate obligation distinct from that of
"makers, and they could be sued upon the obligation thus assumed *as*
"*indorsers*, and a recovery against them in such a suit could not be a bar to
"the prosecution of another suit against the defendant Randall, and them-
"selves as makers of the note, and in such case the plaintiff will be entitled
"to recover against defendant Randall."—[REPORTER.