JANUARY 1827.<br>Morgan<br>v.<br>Rhodes.

H. G. PERRY and GORDON, for plaintiff.

PARSONS, for defendant in error.

THE CHIEF JUSTICE delivered the opinion of the Court.

IT is well settled that public justice must be answered before the owner of property, on which a crime may have been committed, can obtain redress for an injury to it. Killing a slave is prima facie a capital felony, and if the master becomes prosecutor it is important to the ends of justice that he should conduct the prosecution in good faith. If an acquittal should be brought about by his collusion, he cannot afterwards sustain an action for the trespass. The plea of the defendant here, went directly to the jist of the action. Although the matter of it may not be very formally and specifically stated, it was not so frivolous as to authorize the Court to strike it out on motion. The judgement must be reversed and the cause remanded. [a]

a 12 East. 410.

JUDGE CRENSHAW not sitting.

---

PHILLIPS v. PHILLIPS.

One executor may maintain an action against another on his express promise.

THE CHIEF JUSTICE delivered the opinion of the Court

THE plaintiff and defendant were legatees and executors of Francis Phillips. They had settled the accounts of the estate and divided the proceeds, excepting the debt,

JANUARY 1827.
Phi'lips
v.
Phillips.

which was the subject of this suit.    The action was on a special promise.    The plaintiff proved that the defendant had admitted that he had collected this debt, and promised to pay it over to the plaintiff, and a judgement was rendered for him    One executor can maintain an action against another on an express promise.    Let the judgement be affirmed.

CLAY and M'CLUNG, for plaintiff.

BRANDON, for defendant in error.