CHANDLER, ET AL. EXR'X & EX'RS, OF CHAND-
LER, DEC'D, v. SHEHAN.

1. A note made by one executor of an estate and also by a third person as his
surety, payable to the executors of the same estate, cannot be enforced against
the surety by a suit at law, where the principal debtor in his character of joint
executor is one of the plaintiffs.

2. The question of personal identity is one solely for the jury, and oral evidence is
competent to show that a plaintiff is the same person as the defendant's prin-
cipal.

3. The proper test to ascertain whether plaintiffs suing as executors are liable for
costs *de bonis testatoris*, is that the money sued for, if recovered, will be assets
of the estate.

Writ of error to the Circuit Court of St. Clair.

ASSUMPSIT by Sarah Chandler, executrix, and Joel Chand-
ler, Jr., and James Hampton, executors of the last will of Joel
Chandler, dec'd., against Shehan as the maker of a promissory
note signed by him, together with Joel Chandler and H. Mc-
Coy, payable to the executors of the estate of Joel Chandler,
deceased.

The defendant, with other pleas, pleaded, "that the defend-
ant is one of the securities of Joel Chandler, who is one of
the makers of the note in the declaration mentioned, and that
he as such security on the 18th of September, 1841, gave to
said plaintiffs notice in writing according to the statute, in such
case made and provided, requiring the said plaintiffs to sue
and collect the said note as soon as the law would permit.
And that the said plaintiffs did not, in a reasonable time there-
after, and after the said .note became due, commence an ac-
tion on said note, and proceed with due diligence, by the or-
dinary course of the law, to recover judgment for, and by ex-
ecution to make the amount due by the said note.

The note is dated 10th September, 1840, payable two years
after date, and was sued the 24th January, 1844.

Also, this further plea, to wit: that the said Joel Chandler,
who is one of the makers of the note in the declaration men-
tioned, and the said Joel Chandler who is one of the plaintiffs

in this suit, is one and the same person, and that he, the said Joel Chandler, who is one of the makers of said note, was one of the executors of the last will and testament of said Joel Chandler, deceased, at the time said note was made, and at the time it when became due and payable, and still is, and so has been at all times since its making : and that the said Joel Chandler is the principal in the said note, and the defendant is but the security, although apparently joint maker.

The plaintiff demurred to both these pleas, and the Court sustained the demurrer to that first pleaded, but overruled the demurrer to that last pleaded ; and thereupon the plaintiff took issue on it.

At the trial the plaintiffs put the note before the jury, which was all the evidence offered by them. The defendant then offered to show by oral-proof that Joel Chandler, whose name appears as one of the makers of the note, was the principal, and the defendant a surety only, for him : he also offered to show by the declaration of the plaintiffs, Chandler and Hampton, that the said Joel Chandler was the principal in the said note, and the defendant but the surety. To each portion of the evidence thus offered the plaintiff objected.

Upon this evidence the Court charged the jury, that if Joel Chandler was the principal in the note and the defendant only a surety thereon, and that the said Chandler was one of the plaintiffs, they should find for the defendant.

The plaintiffs excepted to these several matters, and they are now assigned as error, as is also that a judgment for costs was rendered, *de bonis propriis* against the plaintiffs.

S. F. Rice, for the plaintiffs in error, argued:

1. The facts asserted in the plea to which the demurrer was overruled present no defence to the *note*. That is a legal engagement to the *executors* of Chandler's estate ; no one can sue on it who is not executor ; but it is conceived that any one may sue upon it who is executor. If the note presents a case of *legal liability* the Court ought to give a *legal remedy*. [Elliot v. Montgomery, 4 Ala. Rep. 600 ; Tipton v. Nance, 4 Ib. 194 ; Grigsby's executors v. Nance, 3 Id. 347 ; Kemper and Noxubee Banking Company v. Schieffelin, 5 Ala. Rep. 493.]

2. If, as asserted by the plea, Shehan is Chandler's security he has a full and adequate remedy under the act of 1828—(Clay's Digest, 532, § 8)—and under this act he can obtain a judgment against Chandler at the same time that the executors obtain one against him.

3. Chandler in this suit is not an individual, but the representative of an estate, and if dead the right to sue at law would be clearly in the survivors. [Cummings v. Edmunson, 5 Porter, 145.] And so it would pass to another representative of the estate. [Harbin v. Levi, 6 Ala. Rep. 399; King v. Griffin, Ib. 387.]

4. The matter of the plea does not go to the action as a defence, but only shows at most a suspension of the right to sue. [Rice v. Brantly, 5 Ala. Rep. 184; Prout v. Decatur Bank, 6 Ib. 309.]

5. The charge upon the evidence is wrong, as there was no evidence whatever of the identity of the plaintiff Chandler with the one who made the note. [5 Ala. Rep. 258; 6 Ib. 226.]

Pope, contra, cited Tindal v. Bright, Minor, 103; Ramsay v. Johnson, Ib. 418, and insisted there was no legal distinction between this case and those.

Independent of the fact, that one cannot become bound to himself, here there is no one to whom the principal debtor could legally pay the money. [Edwards v. Crenshaw, 14 Peter's 166; Childress v. Childress, 3 Ala. Rep. 752; King v. Shackleford, 6 Ib. 426; Douglass v. Satterlee, 11 Johns. 23.]

The judgment de bonis propriis at least, is no revisable error, but amendable.

GOLDTHWAITE, J.—1. The question made by the plea in connection with the declaration is, whether a note made by one executor of an estate, and also by a third person as his surety, payable to the executors of the same estate, can be enforced against the surety by a suit at law where the principal debtor, in his character of joint executor, is one of the plaintiffs.

We limit the question to the precise state of facts shown by the record, that it may be seen that we do not intend to consider what the effect of such a note would be if the declara-

tion was upon it as an express promise by one executor and his surety to his co-executors. [See Philips v. Philips, 1 Stew. 71.]

The defendant relies on the decisions of this Court in Tindal v. Bright, Minor 103, and Ramsey v. Johnson, Ib. 418, as conclusive of this part of the case; and the chief distinction between this and those cases arises from the fact, that here the promise is made to the executors of an estate, whilst in those it was to individuals in their own right. On the other hand it is insisted, that as the intention is clearly manifested by the executor who made this note, to bind himself and his surety, they ought not to be discharged upon reasons which, when examined are found to be entirely technical, but that even these can be satisfied by permitting a suit against the surety, as he has a direct remedy under the statute, (Clay's Digest, 532, § 8,) against his principal, even before the money is forced from him.

If the objections against this suit were merely technical, we should be strongly inclined, from our general course of decision, to disregard them and arrive at the substantial justice of the case, independent of technicality. But the question goes much beyond mere technical rules, and involves a principle of considerable importance, with relation to the rights of executors and administrators. An executor or administrator may become a purchaser at his own sale, as seems to be settled by the decision of Brenner v. Oliver, 2 Stewart, 47, where he has an interest. It is not so clear, where a joint administration has been granted, or a joint executorship constituted and the representatives have jointly taken possession of the article committed to their charge, and thus become individually responsible for its proper administration, that one of the executors or administrators, through the medium of a purchase, can invest himself with a title to the property without the consent of his co-representatives. It would seem to be just and proper when a purchase was made by one, if the others were unwilling to extend their liability, that he might bind himself, and consequently his surety, to the others by an express promise to pay. But however this may be, we are satisfied that a security given by one executor in which he with his co-executors is a promisee, cannot be enforced even against his surety when he is one of the plaintiffs.

In Childress v. Childress, 3 Ala. Rep. 752, a joint executor was the purchaser of some of the property of his testator's estate, and it was held, he was properly chargeable with the sum for which he gave a note. We there said, " that when an executor purchases a part of his testator's estate he is, after the expiration of the term of credit, chargeable with the amount as cash in the same manner as if he had collected money or converted property belonging to it." In King v. Shackleford, 6 Ala. Rep. 423, an executor signed a note payable to himself and his co-executor as the surety of a third person, and we held, in a suit in equity, by one executor against the other who was the surety, that the latter was not responsible to his co-executor, as the complainant did not pretend he was a creditor of the estate beyond the assets in his hands. The chief difficulty of allowing a suit against the surety arises from the circumstance, that when the promise made by his principal is considered as made to all the executors, the payment cannot be made so as to discharge the principal debtor from his official obligation. The case of Childress v. Childress, before cited, shows that after the expiration of the credit allowed by the sale, he is chargeable in the same manner as if he had received money, and Edwards v. Crenshaw, 14 Peter's, 166, shows that a payment by him to his co-executors would not discharge him from the liability to account to those entitled under the will or in course of distribution.

On the whole, therefore, though we have had some difficulty in coming to this conclusion, we are of opinion that the plea to which the demurrer was overruled presents a sufficient bar to the case made by the declaration.

2. With respect to the evidence in support of the plea, we do not see that any question arose as to the identity of one of the plaintiffs as the principal in the note. The proof adduced was certainly competent, whether oral or written, and its sufficiency was for the jury to consider. The objection to the proof of this matter by the admission of two of the plaintiffs on the record, does not seem to be pressed, and therefore is not considered.

3. It is lastly urged, that the judgment is de bonis propriis, when it should have been de bonis testatoris. In Thompson v. Start, 1 Taunt. 322, the test of the proper judgment is said

to be, whether or not the money if recovered would be assets of the estate. This we think is the true rule, particularly with reference to the modifications which the duties of executors and administrators have undergone by our statutes, though it is elsewhere held, that the party is liable *de bonis propriis*, whenever he could sue in his own name. [Haller v. Smith, 10 East. 293; Jones v. Jones, 1 Bing. 249; see also, 2 Tidd, 1014. But this at most is a clerical error which, according to repeated decisions of this Court, will not reverse the judgment but will be here corrected.

Judgment corrected so as to render costs *de bonis testatoris,* and affirmed in all other respects.