## HAMPTON v. SHEHAN.

1. It is no valid objection to a suit that it is brought for the benefit of the principal in the note, which is sued as against a surety only, and two other persons as executors of an estate.
2. One joint executor may lawfully take a note with surety from his co-executor, for the purchase money of estate sold by them jointly as executors.

Writ of error to the Circuit Court of St. Clair.

Assumpsit by Hampton describing himself as executor of the estate of Joel Chandler, deceased, and as suing for the use of Sarah Chandler, executrix, and James Hampton and Joel Chandler, executors of the last will and testament of Joel Chandler, Sr. deceased, against Shehan as the joint maker with Joel Chandler and Henry McCoy, who are not sued, of a promissory note payable to Hampton, by the description of James Hampton, executor of the estate of Joel Chandler, deceased.

· The defendant, with other pleas, pleaded as follows: "That Joel Chandler, who is one of the makers of the said note in the declaration mentioned, and the Joel Chandler, who is one of the plaintiffs for whose use the suit is brought, is one and the same person; and that the said Chandler was one of the executors of the last will and testament of Joel Chandler, deceased, when the said note was made, and when the same became due, and is so yet, and during all the time hath been, and that he is the principal in the said suit and the defendant but a surety, wherefore," &c.

· To this plea the plaintiff demurred, but the Court overruled his demurrer: he pleaded to issue, and a verdict was found againt him.

This, with other matters, is now assigned as error.

S. F. Rice, for the plaintiff in error, said this was materially different from the case of Chandler v. Shehan, supra, as here the promise was made directly to the co-executor. [Wentworth v. Ex. 224; Clark v. Griffin, 6 Ala. Rep. 387.]

Pope, for the defendant in error, cited the same cases and relied on the same argument as in Chandler v. Shehan, supra.

GOLDTHWAITE, J.—We are unable to see any reason upon which the demurrer to the plea was overruled. The validity of the consideration for which the note was given, is admitted by the omission to controvert it, and therefore the proposition asserted by the plea seems to be, either that the note cannot be enforced in an action at law, as having been given by one executor of an estate to another; or because the suit cannot be sustained for the use of the principal maker of the note, in connection with others, in a representative capacity, where his surety is the defendant to the suit. This is essentially different from the case of Chandler v. Shehan, recently determined, and in no manner involves the same principle.

In considering the soundness of this plea we shall examine, 1st. The effect which the note declared on produces on the action: and 2d. The legal effect of the note assuming it to be given for a consideration connected with the assets of the estate. Neither the consideration, or its connection with the assets, is disclosed in the pleadings, and for this reason, independent of any other, the demurrer should have been sustained; but as the judgment of the Court below may have turned on the latter point it is not improper to be examined.

The practice, so common in our Courts, of disclosing in the declaration for whose use a suit is brought prevents the abatement of the suit, when the nominal plaintiff dies before its termination, and makes the *usee* liable to a judgment for costs. [Clay's Dig. 316, § 22; 313, § 3.] Beyond this, it is nothing more than an admission of record that the beneficial interest is in others, besides the party suing. [Brown v. Foster, 4 Ala. Rep. 282.] If the admission in this case went so far as to show that Chandler, the principal in the note, was entitled to the sole beneficial interest, there would be much reason for his surety to claim exemption from suit; on the principle that the law abhors and avoids circuity of action. Therefore it is in most instances, that a defendant will be permitted to show as a defence, that the actual plaintiff, if a recovery is had, will be liable to reimburse or indemnify him. But

to let in such a defence the liability to reimburse, or to indemnify, must be co-extensive with the claim or demand which it is proposed to defeat. [Webster v. Randall, 19 Pick. 13.]

The admission here is, that Hampton, the nominal plaintiff, is a trustee for the joint benefit of a third person and the principal in the note sued on against a surety as well as himself, not as individuals, however, but as the representatives of an estate. It is evident that Chandler, in his representative capacity, is not bound to reimburse or indemnify Shehan for any loss which may be. the consequence of this suit; though as an individual he is bound to save his surety harmless. As the interest of Chandler in this suit is not in the same right as that in which he is bound to reimburse, nor co-extensive with that sought to be enforced, it does not fall within the rule before stated, and therefore, the interest disclosed by the declaration alone, or in connection with the plea, furnishes no bar to the action.

The other point, as we have seen, is not contained in the plea, but we consider it, to prevent the cause from returning to this Court on that ground.

2. At an early day it was held in this Court, that one executor might sue another at law, upon an express promise. [Phillips v. Phillips, 1 Stew. 71.] There, however, the plaintiff was a legatee as well as an executor, and the estate had been settled except the single transaction. Although this decision is in accordance with our own judgment, we shall endeavor to show it to be well sustained by analagies entirely satisfactory, though it is laid down in a recent work upon the duties and powers of executors, that in general one cannot sue another at law. [Wms. on Ex. 627.] It was considered in Brannan v. Oliver, 2 Stewart 47, that an executor might lawfully purchase at his own sale, especially if he has an interest; and such is the rule in Virginia under statutes less favorable to executors than our own. [Hudson v. Hudson, 5 Mum. 180; Anderson v. Fox, 2 H. & M. 245; Mackay v. Young, 4 Ib. 430.]

The law is considered otherwise by the English Courts where an executor is classed with other trustees, and inhibited from purchasing the trust estate. [Wms. on Exr's. 613.]

38

Though if he pays a debt out of his own money, he may
elect to take any specific chattel as his own, and by such elec-
tion the property is changed.   [Ib. 409.]   If an executor may
lawfully become the purchaser of the estate of his testator at a
public sale, it would seem impossible to interpose any valid
objection to the claim of one executor to do so, when others
are joined with him in the execution of the will; and upon
such a purchase the question immediately arises, whether all
the executors become responsible for the sum of the purchase,
or whether he who purchases alone is so.

It is laid down in most of the elementary works as a general
rule, that each executor is responsible only for his own acts,
and for the assets which came to his own hands—3 Bac. Ab.
31; and it is the well settled course of decision, both at law
and in equity, that one of several executors cannot discharge
himself by showing that the assets which came to his hands
were transferred by him to a co-executor.   [Cross v. Smith,
7 East. 246; Langford v. Gascoigne, 11 Vesey, 333; Ed-
munds v. Crenshaw, 14 Peters.]   It is evident there would be
a peculiar hardship in applying the latter rule, so as to make
one executor liable for a purchase by another, and this too,
when there was no power to prevent the purchase.   On the
other hand, it would probably be pernicious in the extreme, if
one executor, through the medium of a purchase, could pos-
sess himself of the entire estate, in defiance of the wishes of
those who are associated with him in the trust.   The cases to
which we have given a reference, establish, that a purchase
by an executor at his own sale is valid, and that of Childress v.
Childress, 3 Ala. Rep. 752, decides that the sum of a note thus
given for the purchase money, may be properly charged to him
in his settlement with the Orphans' Court.   Such, doubtless, is
the true rule where all the executors assent to the purchase.
But how is the money to be secured when the co-executors
are not prepared to, or do not, assent to an appropriation by
the other?   Can it be supposed they have no means to pro-
tect themselves from loss or injury by requiring security from
the purchasing executor ?   We consider it entirely clear, there-
fore, to avoid those consequences, induced by the conclusion,
that a valid purchase may be thus made, that the other execu-
tors, or any one of them, may require security from the pur-

chasing executor, and that a note given for such a considera-
tion must be sustained. What the consequences may be with
respect to the settlements between co-executors, or with lega-
tees or distributees, should not now be adverted to.

The result of our judgment is, that the demurrer should
have been sustained, and as this is conclusive of the case, the
other questions are not examined. Reversed and remanded.