## KING v. SHACKLEFORD.

1. One executor, who is also a creditor of the estate he represents, may file his petition in the orphans' court, and compel a settlement and distribution of the estate, his co-executor having assets for which he fails to account.

2. There is no statute in this state authorizing the transfer of a cause from the orphans' court to the circuit court, and an order making such transfer is a nullity; and if the orphans' court, influenced by such order, repudiates the jurisdiction of the cause, and dismisses it, the judgment is erroneous.

Error to the Orphans' Court of Shelby.

THE plaintiff in error filed his petition in the orphans' court of Shelby county, alledging, among other things, that he and the defendant became executors of one Mason, deceased. That at a sale of the effects of Mason's estate, one Ferrill purchased a portion of the same, and gave his note payable to the executors, with Shackleford, the defendant as security. The petition further avers that said plaintiff is a creditor of the said estate; that Ferrill is insolvent; that Shackleford refuses to account and pay said sum due from him. The plaintiff tendered an account, so far as his action as executor was concerned, and prayed the court, as a creditor, for final settlement of the estate. The petition was dismissed by the court, upon the ground that the judge of the court, who preceded the present judge, having been of counsel, an order was made transferring the cause to the circuit court of Shelby county.

The dismissal of the petition is assigned as error.

MORRIS, for the plaintiff in error.
RICE, contra.

CHILTON, J.—In Childress v. Childress, 3 Ala. R. 752, it is decided, that an executor who purchases the property

of the estate, is, after the expiration of the term of credit, chargeable with the amount due, as so much money in his hands. So also, in the final settlement of the accounts of an administrator, he is chargeable with a debt due from himself to the decedent, although he may have been insolvent when the administration was committed to him, and continues so. Purdom v. Tipton, et al. 9 Ala. Rep. 914. The principles settled by the above cases will charge the defendant in error with the amount of the note of Ferrill, for the payment of which he became bound as security. It is objected, however, that King being co-executor with Shackleford, is not authorized to proceed as a creditor under the statute, and have a final settlement of the estate, so as to obtain his distributive share. It is clear that he has no remedy by suit at law to collect the note. This point was settled in the case of Chandler v. Shahan, 7 Ala. Rep. 251. Upon a similar statement of the facts in a bill in chancery, this court has decided he has no relief in equity. See King v. Shackleford, 6 Ala. Rep. 423. If then he has no relief by the proceedings instituted, he is clearly without remedy. We think the statute embraces the case, and that King has a right to have final settlement enforced, as a creditor, and distribution decreed him. He proceeds as a creditor of the estate, not as executor, and as such creditor, he is entitled to share the funds in defendant's hands.

There is no objection to the form of the petition brought to our notice. Allowing it to be in due form, the only remaining question is, did the court, for the reasons assigned, properly dismiss it, and repudiate the cause? There is no statute authorizing the orphans' court to transfer a cause for any purpose, to the circuit court; a mode entirely different is prescribed by the statute. Clay's Dig. 298, § 9; 305, § 46. The circuit court had no jurisdiction of the cause, and the order of the orphans' court, transferring it to that court, was a nullity.

It is contended by defendant's counsel, however, that the order of transfer was not the only evidence before the orphans' court, and that as it is recited in the judgment entry, " that the court, for sufficient cause appearing to it," dismisses the petition, &c., we must, in order to maintain the

judgment, intend the court acted upon sufficient evidence. This argument would be plausible, had not the judgment entry informed us the reason why the petition was dismissed. It is there stated, "that this (the orphans') court has no jurisdiction of said estate of said Job Mason, deceased, having parted with its jurisdiction by its previous transfer thereof to the circuit court of Shelby county, Alabama." This is conclusive to show, that the court, whatever other reasons it may have had for dismissing the petition, was very erroneously influenced to do so by the order referred to.

We think the case of King v. Shackleford, in 6 Ala. Rep. 423, indicates the remedy to be in the orphans' court, and as that court has not parted with its jurisdiction by the order referred to, as erroneously supposed by the judge, its judgment is reversed, and the cause remanded, that the appropriate steps may be taken for the settlement of the estate.