## BLANN vs. CROCHERON.

1. The mere recovery of a judgment against one of several joint tres-- passers will not preclude the plaintiff from proceeding to judgment against the others.

2. Whether suing out execution on his judgment will be a bar to a subsequent suit against others. QUERE?

ERROR to the Circuit Court of Dallas. Tried before the Hon. Geo. Goldthwaite.

G. W. GAYLE, for plaintiff in error :

1. When joint trespassers are sued jointly and plead separ- ately, or are sued separately, plaintiff may recover against both, but can have but one satisfaction.—Knickerbocker v. Colver, 8 Cow. 111; Livingston v. Bishop, 1 J. R. 290; Lansing v. Montgomery, 2 ib. 382; Layman et als. v. Hendrick, 1 Ala. 212.

CAMPBELL, contra.

DARGAN, C. J.—This was an action of trespass against the defendant, for causing an attachment to be levied on one hun- dred bushels of corn belonging to the plaintiff, which was exempt by law from levy and sale. The defendant pleaded the recovery of a judgment against the constable for levying the attachment, but did not aver in his plea that the judgment had been satisfied. The plaintiff demurred to the plea, but his demurrer was over- ruled. The plaintiff then replied that the judgment against the constable had not been satisfied. To this replication there was a demurrer, which was sustained, and judgment was rendered for the defendant. The English authorities, it is true, seem to hold that a recovery against one joint trespasser is a bar as to the others, although there be no satisfaction of the judgment recov- ered.—See 1 Chitty's Pl. 88, and cases cited in note. But all the authorities agree in this, that the plaintiff is not compelled to sue all jointly; he may do so if he chooses, and if he does, he is entitled to a joint judgment against all.—Layman et al. v. Hen- drick, 1 Ala. 212. But he may sue any one separately without joining the others, and this to my mind is conclusive to show that their liability is joint and several, for all or any one may be

sued at the election of the plaintiff. If their liability is joint and several, the liability of all must continue until there has been a satisfaction, and judgment without payment cannot be a satisfaction.

In the case of Livingston v. Bishop, (1 Johns. R. 290,) it was held that separate actions might be brought against several joint trespassers, in each of which the plaintiff might proceed to judgment, and then elect *de melioribus damnis,* and issue his execution against one, which is a determination of his right to elect, and precludes him from proceeding against the others, except for his costs. The principle decided in this case was again recognized in the case of Osterhout v. Roberts, (8 Cow. 43,) and the Supreme Court of Massachusetts admitted the same rule in the case of Campbell v. Phelps, (1 Pick. 62.) So it was said by this court, in the case of Layman v. Hendrick, *supra,* that the injured party may proceed against the trespassers jointly as well as severally, but he cannot have several satisfactions for the same trespass. This I take to be the correct rule, for the trespassers being severally as well as jointly liable, they cannot be discharged from their liability until there is a satisfaction of it, and the mere rendition of judgment, without more, against one joint trespasser, will not preclude the plaintiff from proceeding to judgment against the others. Whether his suing out an execution against the one against whom the recovery was had, will be considered as determining his election, and bar a subsequent, or another suit against the other joint trespassers, it is not necessary to decide, for there was no execution in this case; but it would seem from principle, that nothing but satisfaction could be relied on by one who is jointly and severally liable.

Let the judgment be reversed and the cause remanded.