## WILLIS *vs.* NEAL.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Assignment of note by one of payees and joint makers.*—Where one of the payees, who is also one of the joint makers of a promissory note, assigns his interest in the note to the other payees, the latter may,

under the provisions of the Code, (§§ 2129, 2143,) maintain an action on the note, in their own names, against the other maker.

APPEAL from the Circuit Court of Macon. Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by William B. Neal, and Rachel, his wife, Thomas Larkins, and Jane, his wife, Morgan G. Stoudenmeier, and Meshack T. Stoudenmeier, against Joshua W. Willis; and was commenced on the 25th February, 1859. The complaint was in the following words: "The plaintiffs claim of the defendant twelve hundred and five dollars, due by promissory note made by him and one V. D. Stoudenmeier, who is not sued, on the 1st day of January, 1858, and payable on the 1st day of January, 1859, with interest thereon, payable to the said plaintiffs and V. D. Stoudenmeier. The said V. D. Stoudenmeier, to whom said note was payable, has assigned and transferred all his interest in the said note to the said William B. Neal, one of the plaintiffs above named; and the said note is now the property of said plaintiffs, and the same is due and unpaid."

The defendant pleaded, "in short by consent," failure of consideration, and a special plea which was in these words: "That the said V. D. Stoudenmeier, who is one of the payees of said note sued on, by the name and description of V. D. Stoudenmeier, signed and executed said note, by the name and signature of V. D. Stoudenmeier, with this defendant, and as a co-maker of said note; and that the said V. D. Stoudenmeier, who is one of the payees in said note, and the said V. D. Stoudenmeier, who is one of the makers of said note, is one and the same person." The plaintiff demurred to this plea, "and the defendant joined in said demurrer." The court sustained the demurrer; and its ruling in that behalf, to which an exception was reserved by the defendant, is now assigned as error. The record does not show what grounds of demurrer, if any, were assigned.

CLOPTON & LIGON, and N. S. GRAHAM, for appellant.
WM. P. CHILTON, contra.

PHELAN, J. —In this case, V. D. Stoudenmeier, who was one of the payees in the note, and also one of the makers or payors, assigned his interest to another one of the payees, who instituted suit against Willis, who was one of the makers of the note, omitting to sue V. D. Stoudenmeier, the other maker. These facts were pleaded in bar of the action, and to this plea there was a demurrer, which the court sustained. This presents the question now before the court.

Before the passage of section 2129 of the Code, if V. D. Stoudenmeier, one of the payees, had assigned or transferred his interest in the note to another of the payees, or to any other individual, as he had full right to do, it would only have been a transfer conveying an equitable title to his interest; and his name, as one of the payees, would still have to be used in any suit upon the note. But, by section 2129, it is declared that "every action, founded upon a promissory note, bond, or other contract, express or implied, for the payment of money, must be prosecuted in the *name of the. party really interested*, whether he have the *legal title or not*", &c. This statute is evidently designed to abolish equitable titles generated by the. transfer of all contracts, "express or implied, for the payment of money"; and to make all such titles *legal titles*, by declaring that all suits, "founded" upon such "contracts, must be prosecuted," not in the *name* of the assignor, for the *use* of the assignee, as heretofore ; but "in the *name* of the party *really interested*." Open accounts, and all other interests which have been assigned or transferred, according to that statute, " *must*" now be prosecuted in the *name* of the *party really interested ;* that is, of course, the party to whom they have been assigned.

After the assignment of his part interest in the note to another by V. D. Stoudenmeier, had the suit been still prosecuted in his name, and not in the name of his assignee, this could have been pleaded in bar of the action, and the plea must have been held good, or there can be neither force nor virtue in the law as established by section 2129. That he could not sue, or that his name could not be used for the benefit of his assignee, is manifest; and that the

party to whom he assigned his interest, with the other payees who held the remaining interest, could sue, and "must" sue, and are the only persons who will be allowed to maintain a suit on the note, we think equally clear. The action, then, was properly brought by the payee to whom he assigned his interest, with the other payees as plaintiffs, dropping his name ; they being clearly the parties, and all the parties, "really interested" in the note.—27 Ala. R. 208 ; 29 Ala. R. 294.

But V. D. Stoudenmeier was also one of the makers. This can not affect the question. The owners of the note—in the words of the statute, the parties "really interested"—having the right to sue, and being *compelled* to sue in their *own names,* had the further right to sue in that form any one or more of the makers of the note, at their pleasure. The statute (Code, § 2143) declares, that "When two or more persons are jointly bound by judgment, bond, covenant, or promise in writing, of any description whatsoever, the obligation is, in law, several, as well as joint; and suit may be instituted thereon against the representatives of such as are dead."

Since 1818, when the statute which now forms in substance this section of the Code, was first passed, it has been the uniform practice for the holders of all bonds, promissory notes, &c., to bring and maintain actions upon them, against any one or more of the makers, at their pleasure. This was all that was done in the present case : the holders omitted to sue one of the makers, V. D. Stoudenmeier, and brought suit against Willis, the other maker, only.

We were somewhat inclined, at first, to think with the counsel for appellee, that the case of *Lacy v. LeBruce,* (6 Ala. 904,) furnished an analogy and an authority for the manner in which this suit was instituted, irrespective of the provisions of section 2129 of the Code; but, upon more reflection, we prefer to place our decision upon the force of that statute entirely. The court, in that case, go upon the ground, that the death of the common partner was an assignment of his interest, by operation of law, to the other partners, and this gave a complete right to sue at law. · The

difference between that case and this would be, that here the joint payee, who assigns his interest, is still living; and this would make it necessary that his name should be used, as the law stood before the passage of the Code, as one of the plaintiffs in the suit, even saying that that could be allowed where only a part interest had been assigned by one payee to his co-payees in the note; which is doubtful.

The judgment below is affirmed.