WALDROP *vs.* PEARSON ET AL.

[PROMISSORY NOTE—EQUITABLE TITLE.]

1. *Promissory note; party having equitable title may maintain action at law.* W. and P. were joint administrators of an estate, having given joint administration bond; P. and others executed a note for purchase-money of land of the estate, payable to "W. and P., administrators," &c. W. took upon himself the sole administration, and upon final settlement was charged with the amount of the note as cash. Some of the decrees

rendered on this final settlement were paid, others remained unpaid, P. has not settled his administration ; W. brought his suit at law on said note in his individual name,—*held*, that under this state of facts, the sole equitable title to the note vested in W., and that he could maintain the action.

APPEAL from the Circuit Court of Jefferson. Tried before Hon. WM. S. MUDD.

THE facts of this case are stated in the opinion of the court.

WM. S. ERNEST, for appellant.
PORTER & MARTIN, *contra.*

A. J. WALKER, C. J.—This suit is brought by the appellant in his individual name alone, upon a promissory note payable to himself, " and David Pearson, administrators of the estate of David Pearson, deceased." Waldrop, (the appellant,) and David Pearson, one of the appellees, were joint administrators of the estate of David Pearson, deceased, having given a joint administration bond. The note, which is the cause of action, was given in consideration of the purchase of land of the decedent's estate. Waldrop appears to have acted in most respects as if he had been sole administrator. He alone petitioned for the sale of the land, and he alone was authorized by the order of sale to sell. He took the note for the purchase-money of the land, payable to himself and his co-administrator, David Pearson, and David Pearson was a payee and one of the makers of the note. Waldrop, the appellant, made a final settlement of his administration, and on that settlement was charged with the note as money. Some of the decrees rendered on the final settlement were paid before the commencement of the suit, others remain unpaid. David Pearson has not settled his administration. The circuit court having charged the jury adversely to the plaintiff's right of recovery upon the facts, a nonsuit was taken. When the note was executed, an action at law could not have been maintained upon it, because David Pearson was both maker and payee.—*Lacy v. Le Bruce & Prince,*

6 Ala. 904; *Tindal v. Bright*, Minor, 103 ; *Childress v. Childress*, 3 Ala. 752 ; *Chandler v. Shehan*, 7 Ala. 251 ; *King v. Shackleford*, 6 Ala. 423 ; *King v. Shackleford*, 13 Ala. 435.

It must be admitted, also, that aside from the consderaition above noticed, it would be incompetent for one of the payees to maintain a suit in his name alone, unless the interest of his co-payee had been transferred in some legal way to him.

Both these objections to the maintainance of an action at law in the name of the present plaintiff are obviated, if the equitable title has been, by any matter subsequent to the execution, vested exclusively in the present plaintiff. The law is so held in *Willis v. Neal*, 39 Ala. 464, upon an examination of the effect of section 2523, (2129,) Revised Code.

Did the rendition of a decree against Waldrop, on a final settlement of his accounts as administrator, charging him in favor of the distributees with the note as money, have the effect of vesting the sole equitable title to the note in him ? We are of the opinion that it did. We recognize as correct the doctrine, that the recovery of judgment for a chattel, or its value, does not invest the defendant with the title, and that satisfaction can alone have that effect.— *Smith v. Hooks*, 19 Ala. 101 ; *Spivey v. Morris*, 18 Ala. 254 ; *White v. Martin*, 1 Porter, 101; *Blaum v. Chrocheron*, 19 Ala. 647 ; *S. C.*, 20 Ala. 320 ; *Moseley v. Wilkinson*, 24 Ala. 411. We place our conclusion that the equitable title to the note vested in Waldrop alone, upon the propositions, that there was a complete administration of the note at the election of the distributees, and that they signified their election by charging Waldrop, the administrator, as for a conversion of the note with its entire amount. It has been held, " that the property of the goods of a testator or intestate will be considered as absolutely vested in the executor or administrator, after an administration, to the full amount and value."—1 Lomax on Ex., t. p. 375, m. p. 211, authorities cited in note 4. In the case of *Hall v. Chenault*, 14 Ala. 710, an analogous question arose. An administrator was charged, upon his final settlement, with a note taken by him as administrator. It was held that the note would

not pass to an administrator *de bonis non*, but was available to the administrator as a set-off against his individual creditor. In the case of *Tompkies v. Reynolds*, one of several executors committed a *devastavit* by an unauthorized loaning of a note. On his separate final settlement, he having resigned, he was charged with the note as cash. It was held, that he could maintain an action to recover on the contract for the loan of the note. This case is identical in principle with the one in hand. Its features would not be at all distinguishable if Waldrop had made an actual conversion of the note. A difference in that respect can not effect the principle, when Waldrop has, upon the election of the distributees, been charged with the amount of the note as if he had converted it. Suppose, instead of retaining the note as his own property, Waldrop had transferred it to another. A case would have been presented of inconsistent rights in the distributees. They could have pursued the note as assets of the estate before charging the administrator for a conversion of it, but not after they had elected to charge him and treat the note as if collected and completely administered by charging him. The question is upon principle the same in this case.

It is said that Waldrop's co-administrator is liable for the amount of the note. This may be true, but he is not liable as for a conversion jointly with Waldrop. The evinence does not conduce to show any joint conversion or joint negligence in reference to the note. Whatever liability may be upon Pearson, the co-administrator, results from the fact that he and Waldrop are joint obligors in the administration bond. From this it may result, that Pearson is liable because he stands in the attitude of a surety for Waldrop. Being in such attitude, he is interested that Waldrop should pay off the decree against him, but that is an interest such a surety always has in the affairs of his principal. It is neither *a jus in re* nor *a jus ad rem*. The very same argument might be made to prove that the sureties upon the administration bond had an interest in the note. It can not be that the title of Pearson as joint payee of the note remains. If it did he could receive payment of it, and the money, when received, would be assets

in his hands for distribution. This would not be, for there has already, as we have seen, been a complete administration of the note, and there could not be a second administration. Besides, it would be folly to permit Pearson to collect the note as assets of the estate, unless he were subjected to a decree in favor of the distributees for the same, and such a decree would be a mere supererogation, for it would affect and bind precisely the same parties as does the existing decree. It would effect a repetition of the decree already obtained.

We think the plaintiff can maintain the action, and that the charge of the court was erroneous.

Reversed and remanded.