## ESLAVA vs. THE STATE.

[INDICTMENT FOR BETTING AT A GAME CALLED "KENO."]

1. *Lotteries, act to regulate; what does not authorize.*—The act to regulate lotteries in this State does not authorize the commissioner of lotteries to issue licenses for the establishment of lotteries, or such enterprises in this State. Lotteries, and enterprises in the nature of lotteries, can only be established by law.

2. *Same; "keno," not within the meaning of.*—The game called "keno," although a game decided by lot or chance, is not a lottery under the act to regulate lotteries; and to bet at it, in this State, is forbidden by statute, and is punishable as a crime.—Rev. Code, § 3622.

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

This was an indictment under section 3622 of the Revised Code, for betting at a game called "keno," &c. The defendant went to trial on plea of "not guilty," was found guilty, and sentenced to pay a fine of $50 and the costs of the prosecution.

On the trial, the State having proved the buying of a ticket, and the betting at "keno," by the defendant, in the month of February, 1870, and the manner in which said game was played, the defendant offered in evidence the following paper or "license:"

"State of Alabama,   }    No. 6.        $100.
     Montgomery county. }      D. C. Whiting having made application to me for a license under section 7 of the

act entitled " an act to regulate lotteries, approved Dec.
31st, 1868, and having paid one hundred dollars, for the
county of Mobile, for the month of February, 1870, the
same is hereby granted, this 18th day of January, 1870.

"H. S. WHITFIELD,

" Comm'r of Lotteries."

Which, it was admitted, was issued by Whitfield, who was
admitted to be such commissioner, duly sworn, commis-
sioned, &c.

The defendant then offered to prove by one of the
clerks, who managed said business and had the license
above set out, who he was acting for, and what the " gentle-
man running the game" said to him at the time of his employ-
ment as to his authority to employ a clerk in the business.
The defendant stated that, in connection with said license,
he proposed to prove that the person from whom the ticket
was bought was the agent of said D. C. Whiting, &c. On the
motion of the state, the license and proffered evidence as to
declaration of the employer in hiring the clerk, and testi-
mony of the clerk as to whom he was employed by, were
not permitted to go to the jury, and defendant excepted.

The defendant then offered to show that the game called
"keno" was formerly known as "lotto" or " loto" and was iden-
tically the same, and that the game of lotto was a species of
lottery, and offered to read a definition of the word " lotto "
from a large dictionary, which he proved was a standard
dictionary of the French language in France, and then con-
sidered as authority, said definition being as follows : "Loto,
subs. mas. (loto)—*espece de jeu resemblant a une loterie,
et qui se jou avec quatre-vingt-dix numero et autant de
boules*," the interpretation of which was proven to be "loto,—
subs. masc. (loto) a kind of play resembling a lottery, and
which is played with ninety numbers and as many balls."
He also introduced the definition of the word "loto," as
found in Webster's dictionary, &c.

This was substantially all the evidence. The court
charged the jury, " if they believed the defendant had
bought a card or ticket in any game of " keno," and played
at the game in the manner shown, in the last twelve months
before the finding of the indictment in the county of Mo-

bile, State of Alabama, they should find him guilty, and if they should find him guilty, the punishment was a fine of not less than fifty, nor more than three hundred dollars.

Defendant excepted, and now assigns the charge of the court, and the various rulings to which exceptions were reserved, for error.

J. LITTLE SMITH, for appellant.
JOSHUA MORSE, Attorney-General, contra.

PETERS, J.—The indictment in this case is in the following words :

" State of Alabama,        }    City Court of Mobile,
        Mobile county.    }        February term, 1870.

" The grand jury of said county charge, that before the finding of this indictment, J. Eslava bet at a gaming table for gaming, or at a game called keno, " against the peace and dignity of the State of Alabama."

The defendant, Eslava, went to trial on this charge upon a plea of not guilty, and was found guilty by the jury, and fined fifty dollars, and taxed with the costs. From this conviction he appeals to this court.

The proofs show that, beyond all doubt, the appellant bet at a game called keno, within the twelve months next before the finding of the indictment.

This is not denied; but it is insisted that this game is licensed as a lottery by the State, and because of this license the accused can not be punished ; in effect, that the license repeals the law forbidding the betting on this game.—The State v. Allaire, 13 Ala. 435, 436.

But is keno a licensed game? Certainly not. It is forbidden by the statute and it is an offense to bet at it.—Rev. Code, §§ 3616, 3622, 3623.

Notwithstanding this, it is contended that it is within the description of lottery under the act " to regulate lotteries." Pamph. Acts 1868, p. 529, Act No. 185, § 10.

Should this be admitted, it does not help the appellant's case. The lotteries referred to in this act are only such lotteries as " are *now* authorized, or may *hereafter* be authorized *by law* in this State."—Pamph. Acts 1868, p. 529,

Act No. 185, §§ 1, 2, 6, 11. The legislature is the only power that can give such authority. It requires a law to authorize a lottery, and the general assembly alone can make this law.—Const. of Ala. 1867, arts. 3, 4. The honorable commissioner of lotteries can only take charge of such lotteries, " associations, companies, societies, gift enterprises, and other enterprises in the nature of lotteries," as have been or shall be hereafter authorized by law, and see that they observe the requisitions of the statute for their regulation. He has no power to authorize a lottery by his license, or to turn the game called " keno" into a lottery, or into an " enterprise in the nature of a lottery," His license, then, as a matter of defense in this case, avails nothing. It was issued without authority of law, and is worthless for any purpose whatever. The evidence tending to establish its existence was, then, properly excluded from the jury; and without this the accused showed no matter of defense in the court below. For this reason the ruling and the charge of the court below, which are alleged as error, were correct.

The conviction in the city court is therefore affirmed, with costs. The defendant will be discharged upon complying with the judgment of the city court, else retained in custody until discharged by due course of law.