# Du Bose v. Marx.

## Trespass.

1. *Joint tortfeasors; how may be sued.* — Joint *tortfeasors* may be sued jointly or severally for a trespass, and if the *tort* be of such a nature as to authorize it, the injured party may bring trover against one, trespass against another, and detinue against a third, if his possession was obtained by the aid of the *tortious* acts of the others.

2. *Same; judgment against one, when no bar to suit against others.* — Judgment against one or more joint trespassers in either of these actions is no bar to a recovery against the others. Nothing short of a release, satisfaction, or something which the law deems equivalent to it, can operate a bar.

3. *Same.* — Where the injured party waives the *tort* and brings an action *ex contractu*, he estops himself from pursuing either of the trespassers for the *tort*; but an action of detinue does not have that effect, for the reason that it is not an admission that the property sued for was not *tortiously* taken from the plaintiff, but rather implies the contrary.

4. *Pleadings, rulings on; presumptions as to.* — Where the record shows that the defendant pleaded the general issue " with leave to give in evidence any matter that might be specially pleaded," and also a special plea in bar, and it appears that the overruling of a demurrer to the special plea was on a day subsequent to the overruling of a demurrer (the grounds of which are not disclosed) to the plea of the general issue, &c., a recital in the minute-entry, " the plaintiff having declined to plead further, on leave being given," &c., will be construed to mean that the plaintiff's declining to plead over related only to the special plea. In such a case judgment should not be rendered in favor of the defendant, but the plaintiff should be required to proceed upon the issue made in the plea of the general issue.

APPEAL from Circuit Court of Sumter.

The record does not give the name of the presiding judge.

Appellant, Louisa Du Bose, brought trespass against appellee, Marx, for causing the sheriff, to whom appellee, plaintiff in execution, executed an indemnifying bond, to levy upon and sell, under execution issued in a judgment against a third person, a horse belonging to appellant.

The appellee, defendant in the court below, pleaded two pleas: First, the general issue, in short by consent, with leave to give in evidence any matter which might be specially pleaded. Secondly, a special plea setting forth that the sheriff had sold the horse under the execution, after being indemnified by defendant as set forth in the complaint; that the horse was regularly purchased at the sale by one Bruce, who afterwards held and claimed it under this purchase alone; that plaintiff instituted detinue against Bruce for the horse, revived it against his administrator upon his death, and recovered judgment in said suit for the horse, the value and damages for its detention, &c., being assessed by the jury; that thereupon plaintiff caused a writ of execution to be issued and delivered to the sheriff, and that in said action of detinue the title to the horse, by virtue of the levy and sale to Bruce, was in issue and passed on by the jury in making up their verdict; wherefore plaintiff had waived the trespass, &c. The plaintiff demurred to the second

[Du Bose *v.* Marx.]

plea, assigning as grounds of demurrer : 1st. That it failed to allege that plaintiff had received satisfaction of her judgment against Bruce's administrator. 2d. " Because the complaint in her suit shows that defendant Marx, by his bond of indemnity, was a co-trespasser with the sheriff in unlawfully seizing and selling the plaintiff's horse."

A minute-entry of November 12, 1873, recites that " the demurrer of plaintiff to defendant's first plea having been argued and heard, it is considered and ordered by the court that said demurrer be and the same is hereby overruled."

A minute-entry of the next day recites that . the parties " came by their attorneys respectively again, and the defendant pleads the former action of detinue in his second plea, to which . the plaintiff demurs ; and the said demurrer of plaintiff to said second plea being argued and heard, it is therefore considered and ordered by the court that said demurrer be, and the same is hereby overruled; and the plaintiff having declined to plead further, on leave being given, it is therefore considered that the defendant go hence and be discharged, and recover his costs of said plaintiff, for which execution may issue."

It is now assigned as error that the court erred in each of its rulings on the demurrers and in the judgment rendered.

WATTS & WATTS for appellant. — " A cause of action once vested cannot be destroyed except by a release under seal, or *by something given in satisfaction* of the wrong." *Spivey* v. *Morris*, 18 Ala. 256. A judgment merely, with execution but without satisfaction, will not defeat another action. By giving the indemnifying bond the defendant became a co-trespasser with the sheriff in making the levy and sale. *Lovejoy* v. *Murray*, 3 Wall. 1 ; 48 Ala. 628

The cases in which it is held that by suing one trespasser the plaintiff makes an election preventing suit against the others concerned in the trespass, is where the plaintiff pursues *inconsistent* remedies ; action *ex contractu* against one, and seeks afterwards to bring an action *ex delicto* against others. Trespass, trover, and detinue are not inconsistent remedies. *Leavitt* v. *Smith*, 7 Ala. 183 ; *Drake* v. *Mitchell*, 3 East, 250 ; *Bowman* v. *Teal*, 23 Wendell, 309 ; 40 Ala. 670. The court having erred, injury is presumed from the ruling on demurrer. Why should plaintiff go through the farce of a trial when the court had already stated that defendant's plea was a good defence ? Can this court presume that plaintiff had or could have had the benefit of everything under the plea of the general issue, when the court had already held that under the general issue or elsewhere the facts pleaded constituted a defence ? Construing the language of the judgment-entry as the court

[Du Bose *v.* Marx.]

may, there is no reasonable construction of it which removes the presumption of injury. *Eads* v. *Murphy, post,* 520. No formal issue is necessary on the plea of the general issue. Issue was made up on that plea without " pleading over." Is it not the proper construction of this entry to hold that it related to the pleading further on the second plea?

W. E. and R. H. CLARKE, *contra.* — The judgment-entry does not recite the grounds of demurrer to the first plea; it must, therefore, be presumed that it was properly overruled. If the form was objected to, demurrer was not the way to reach the defect. 39 Ala. 489; 15 Ala. 743. The first plea distinctly controverted the allegation that Marx had committed the acts complained of; the reservation of the right to give in evidence special matters of defence did not estop defendant from relying on " not guilty " alone. Appellant, when she refused to plead over, on leave being given, established the truth of the plea as conclusively as the verdict of the jury would have done. 27 Ala. 228. *Eads* v. *Murphy, post,* 520, does not militate against this judgment. If the second plea was bad, appellant was not injured by overruling her demurrer, since by refusing, on leave given, to plead over, she admitted of record that defendant had not committed the acts complained of. The good plea demurred to went to the whole action, and plaintiff's refusal to plead further was tantamount to an admission of record that under no state of facts could she recover. 26 Ala. 47. The first plea, however, is more than the general issue; it includes all issues that can be formed, except where the plea must be sworn to. *Hays* v. *Myrick,* 47 Ala. 335. The plaintiff refusing to plead, or progress further with her suit, judgment was properly rendered against her. 27 Ala. 288; Ib. 44. *The suit* against Bruce's administrator was a bar to this suit. 20 Ala. 320; 13 Michigan, 77; 1 Johns. 290. The two actions brought by plaintiff were inconsistent. *White* v. *Martin,* 1 Port. 220; *Hite* v. *Long,* 6 Randolph (Va.), 457; *Sangster* v. *Commonwealth,* 17 Va. 124.

MANNING, J. — Appellee having a judgment against Kimbrough C. Du Bose, caused an execution thereupon to be levied on a horse belonging to appellant, and the horse to be sold to satisfy it, — appellee having executed to the sheriff a bond to indemnify him against loss for making the seizure and sale. One Bruce became the purchaser of the horse, and was sued in detinue for him by appellant, in which action she obtained verdict and judgment against Bruce's administrator, after his death, for the horse, or his value, in the alternative, and for damages for the detention, — but not satisfaction

thereof. Appellant then sued appellee in this action, for his trespass in causing her horse to be seized and sold by the sheriff.

Marx, the defendant in this action, pleaded first, "in short, by consent, the general issue, with leave to give in evidence any and all matters in defence which he could do if the same were specially pleaded" ( a mode of pleading often very embarrassing to plaintiffs and to the courts) ; and secondly, a special plea in bar setting forth that he did execute to the sheriff such indemnifying bond ; that by reason thereof and by virtue of his execution against said Kimbrough C. Du Bose, the horse aforesaid was sold, and Bruce became purchaser thereof ; that an action of detinue was brought by plaintiff against Bruce for the horse, and judgment was therein obtained after his death against his administrator for said horse, or his alternative value, and for damages for the detention, besides costs of suit, — upon which judgment the plaintiff therein caused a writ of execution to be issued and delivered to the sheriff ; and that in said action of detinue the title to said horse, by virtue of the levy and sale to Bruce, was in issue, and was passed on by the jury in making up their verdict, whereby, he averred, plaintiff had waived the trespass, and was barred and precluded from maintaining this action against him.

The record shows a minute-entry reciting the overruling of a demurrer to the first plea, and contains a demurrer to the second plea, on the ground : 1st, that the plea did not aver satisfaction of the judgment against Bruce ; and 2d, that the complaint showed that defendant (appellee) was a co-trespasser with the sheriff. In this, we presume, there was a mistake, and that as the demurrer was to the plea, the pleader meant to say that it (the plea) showed that defendant was a co-trespasser with the sheriff.

Joint trespassers are liable to be sued jointly or severally for damages for their trespass ; and a recovery against one without satisfaction of the judgment is no bar to a recovery against the other, — any more than a judgment without satisfaction, against one or more signers of a joint and several bond or promissory note, is a discharge of the others. *Lovejoy* v. *Murray*, 3 Wal. 1 ; *Blann* v. *Crocheron*, 19 Ala. 647 ; *Same* v. *Same*, 20 Ib. 320.

After an injury has been committed, the cause of action is not discharged by any act short of a release, or acceptance of something in satisfaction. *Bowman* v. *Teal*, 23 Wend. 306 ; *Baylis* v. *Usher*, 4 Moore & Pa. 790.

And " a judgment recovered in any form of action is still but a security for the one general cause of action, until it is

made productive in satisfaction to the party; and until then, it will not operate to change any other collateral concurrent remedy which the party may have. *Drake* v. *Mitchell*, 3 East, 251.

The same *tortious* act may be of such a nature as to enable the party against whom it is committed to sue the *tortfeasors*, in either trespass, trover, or detinue, those being all actions *ex delicto*.

And since, as we have seen, joint *tortfeasors* may be sued severally, and the injured party has a right to bring against them severally either one of these three actions, and can be barred of this right only by a release, or the acceptance of something in satisfaction; he may bring trespass against one, trover against another, and detinue against a third of the *tortfeasors*, if the third have possession of the chattels sued for, obtained with the aid of the tortious acts of the other two. Of course, however, if full recovery be had in each suit, the plaintiff would not be entitled to satisfaction from all. Upon a total or partial satisfaction of one of the judgments, the defendants in the others would be entitled, on *audita querela*, to have the judgments against them credited *pro tanto*. *Lovejoy* v. *Murray, supra*.

There are cases in which the tort may be waived, and instead of the action *ex delicto*, one *ex contractu*, assumpsit, may be brought. In such a case, the party cannot afterwards bring an action *ex delicto* upon the same matter for a tort. For by action *ex contractu* he affirms that the party acquired the thing which is the subject of the suit, by contract with him, and after having so asserted in the courts, and thereupon being allowed to recover, he will not be permitted to pursue as a *tortfeasor* any other person concerned in the transaction.

The law does not tolerate this incongruity. *Fireman's Ins. Co.* v. *Cochran*, 27 Ala. 228; *Tankersley* v. *Childers*, 23 Ib. 781; *Vandyke* v. *The State*, 24 Ib. 81.

But an action of detinue does not admit that the property sued for was not tortiously taken from plaintiff. It rather implies the contrary. Consistently with it, trespass or trover may be brought against another party to the transaction, as one participating in the *delictum*, by which plaintiff's property had been taken and was withheld from him.

Bruce, however, the purchaser at the sheriff's sale, was not liable to be sued in trespass at all. He did not interfere with plaintiff's possession of the horse, and was not a co-trespasser with the appellee, Marx, and the sheriff. And it may be doubted whether a recovery and satisfaction from him would be full compensation for the trespass committed by Marx and the

sheriff, especially if this were accompanied by acts and circumstances maliciously injurious.

Certainly the action of detinue against Bruce, and the recovery of judgment therein, and issue of writ of execution, without satisfaction, constituted no defence to the suit in this cause against Marx, the appellee ; and the demurrer to his plea, setting forth those facts as a bar to the suit, should have been sustained.

It is insisted that the error in overruling the demurrer to the second plea should not effect a reversal of the judgment; for, that the defendant Marx, besides that plea, had pleaded the general issue, to which also plaintiff had demurred, and her demurrer had been overruled; and that therefore, when she refused on leave given to plead over, judgment was correctly rendered against her.

The record does not contain any demurrer of plaintiff to the first plea referred to ; which is, that defendant " pleads in short, by consent, the general issue, with leave to give in evidence any and all matters in defence which he could do if the same were specially pleaded." But there is a recital in the record that " the demurrer of plaintiff to defendant's first plea being argued and heard, . . . . the same is hereby overruled."

What was this demurrer ? There is nothing in the record to show. If there was one, it should have been in writing. The Revised Code, § 2656, declares : " No demurrer in pleading can be *allowed* but to matter of substance which the party demurring specifies ; and no objection can be taken or allowed which is not distinctly stated in the demurrer." And the cases referred to by counsel for the appellee show that the court is strict in regarding what is commonly called a general demurrer, one that specifies no objection to the pleading, as a mere nullity, which it, therefore, overrules or disallows. Such a paper might be disregarded by the court, or taken from the files by its order, though usually it is overruled. And since the record does not contain anything purporting to be a demurrer to the first plea, or show that there was any paper of that nature in which an objection was specified to the plea, we are justified in supposing that there was no valid demurrer at all.

If we suppose, on the other hand, that there was a demurrer which , specified objections to the plea, we ought to presume that they excepted to defendant's claim of " leave to give in evidence [under the general issue] any and all matters in defence which he could. do if the same were specially pleaded." There is nothing else in the plea to which objection could reasonably be taken, and if that was the ground of demurrer, then the court erred in overruling it ; for although a motion might, perhaps, have been made to strike out that portion of

[Du Bose v. Marx.]

the plea, we see no reason why the exception, to it might not also be made by demurrer. See *Barron* v. *Vandvert*, 13 Ala. 237.

However this may be, we are of opinion, on examining the record, that the declining to plead over related to the second plea only, after the court had, by overruling the demurrer to it, erroneously held that plea to be good, — the declining to reply being induced by this action of the court and referring to the same matter.

No replication was necessary to the general issue, which itself " puts in issue all the material allegations of the complaint." Revised Code, § 2639. The averments made in the complaint on one side, and the denial of them by the general issue on the other, constitutes an issue without more. It is only in cases in which defendants " briefly plead specially the matter of defence " (as the Code of 1852 required them to do in all except a few specified actions), that the general replication, " the plaintiff joins issue on said plea," is prescribed as the proper form of making an issue, when it is not intended to reply specially.

The demurrer to the second plea was considered and overruled on a day subsequent to that on which the entry in regard to the first plea was made. And it was error in the court, on overruling that demurrer, and upon "plaintiff having declined to further plead, on leave being given," to order " that the said defendant go hence and be discharged, and recover of plaintiff his costs of suit."

The plaintiff should have had leave to proceed upon the issue made by the first plea, unless the court, which had just held that the second plea set forth a good defence, intended also to hold, as we suppose it must have held, that the matter of that plea was a good defence under the first plea, " as if the same were specially pleaded," which would itself have been error.

There is no view of this cause which enables us to perceive that the error of the circuit court could not have produced any injury ; and its judgment is therefore reversed, and the cause remanded.