(92 South. 447)

**BAINS v. PRICE. (6 Div. 629.)**

(Supreme Court of Alabama. April 20, 1922.)

1. **Election of remedies** ☞15—**Dismissal of action in assumpsit held not to prevent maintaining trover.**

Where plaintiff had an election to bring assumpsit or trover for money alleged to be converted by defendant, a judgment dismissing an action in assumpsit did not estop plaintiff from maintaining trover.

2. **Election of remedies** ☞14—**Bringing assumpsit waived tort for purposes of that suit.**

Where plaintiff had an election between assumpsit and trover, the bringing of an action in assumpsit waived the tort for all purposes of that suit.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by A. L. Bains against C. L. Price for the conversion of divers sums of money. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Reversed and remanded.

Ward, Nash & Fendley, of Oneonta, for appellant.

The court erred in admitting evidence of former suit and in holding that the former suit was a waiver of the tort. 29 Ala. 489; 138 Ala. 472, 35 South. 469.

Russell & Johnson, of Oneonta, for appellee.

By bringing the assumpsit suit, plaintiff waived the tort, and is now estopped. 52 Ala. 506; 38 Cyc. 2043.

SAYRE, J. Appellant sued appellee for the conversion of divers sums of money alleged to have been collected by the latter as agent for the former. Under a plea, filed in short by consent, of the general issue, with leave to give in evidence any matter which would constitute a good defense, if pleaded specially, appellee was allowed to introduce the record of a former action in common assumpsit, wherein appellant had claimed of appellee the sums of money here in suit and the judgment therein, dismissing plaintiff's cause out of court at plaintiff's cost. Appellant thereupon took a nonsuit with leave to review the ruling on appeal.

[1, 2] The trial court was in error in holding, as it did, that the bringing of the action in common assumpsit estopped appellant to maintain the present action of trover. There can be no doubt that by bringing the first suit appellant, for all the purposes of that suit, waived the tort which appellee had committed; but it does not follow that appellant thereby estopped himself to maintain the present suit. Though it be conceded—provisionally—that the two actions proceeded upon inconsistent theories of property right, still, to quote the editorial note to Register v. Carmichael, 34 L. R. A. (N. S.) 309:

"The clear weight of authority, though there is some conflict in the decisions, seems to sustain the position taken by the court in Register v. Carmichael. 169 Ala. 588, that 'an election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election,' or have caused some detriment to the other party."

The decision in Register v. Carmichael was followed in Todd v. Interstate Mortgage Co., 196 Ala. 169, 71 South. 661. From this it follows that the trial court erred.

Du Bose v. Marx, 52 Ala. 506, and the cases therein cited on page 510, properly considered, are not in conflict with this ruling. Those cases hold that the party injured may waive the tort, the conversion, and sue in assumpsit, which is nowhere denied. So far as they shed light upon the question here at hand, those cases hold only that when an agent pays the money of his principal to a person who is not authorized to receive it, the principal may sue the receiver in assumpsit for money had and received; but the bringing of such an action is a ratification of the payment, and recovery being had

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he will not be permitted to pursue as a tort-feasor any other person concerned in the transaction.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.